STATE OF MISSOURI, Respondent, v. PERCY HUDSON, Appellant.—No. 40969.—215 S. W. (2d) 441.

Division One, December 13, 1948.

*J. Grant Frye* and *Gerald B. Rowan* for appellant.

*J. E. Taylor*, Attorney General, and *W. Brady Duncan*, Assistant Attorney General, for respondent.

[442] DOUGLAS, J.—Percy Hudson, the accused, was convicted of driving a motor vehicle while intoxicated, a felony. His punishment was a fine of $75. and sixty days in jail. He has appealed.

He presents only one question on appeal. He contends the trial judge made some prejudicial remarks during the cross examination of the arresting officer, the state's principal witness, which placed the accused and his counsel at a disadvantage before the jury. Because of this error he asks for a new trial.

The rule is well settled that a fair trial exacts absolute impartiality on the part of the judge as to both his conduct and remarks. A judge must not do or say anything that can be construed by the jury to

the prejudice of the accused. If the damaging effect of his improper remarks can be cured by proper instruction or admonition to the jury the remarks are usually held to be not prejudicial where such steps are timely taken by the judge. In such a case objection to the judge's improper remarks or conduct must be made at the time or the error will be deemed waived unless they were so prejudicial that their effect is considered ineradicable.

Where the remarks of a judge are directed to counsel in ruling upon the admissibility of evidence and embodying the reasons on which the ruling is based ordinarily they are held to be not prejudicial.

While the judge must see to it that an accused has a fair trial he should confine the trial within the revelant issues so that facts material to the charge are fairly presented. It is also his duty to maintain order and decorum. He must protect witnesses from abuse and intimidation.

Counsel must also be treated with scrupulous fairness by the judge. The judge must never let his belief in the guilt or innocence of the accused be reflected in his treatment of counsel. The jury may draw conclusions from such treatment to the prejudice of the parties. However, the judge may properly correct, admonish or reprimand counsel during the course of a trial if such is justified provided the judge does it in a manner which does not subject counsel to contempt or ridicule, or which does not prejudice the party he represents with the jury.

We will now consider in the light of these general principles the remarks of the judge in this case which are claimed to be prejudicial.

Ray A. Hollmann, a member of the Missouri State Highway Patrol, was the arresting officer. He had testified on direct examination, and had already been cross examined at some length when the following occurred on further cross examination by accused's counsel.

Q. (By counsel for accused.) "Mr. Hollmann [the officer], have you had some previous difficulty with Mr. Hudson [the accused]?"

A. "Yes, sir. I have arrested him before."

Q. "You arrested him three or four years back, did you not, while he was sitting in a car?"

A. "No, sir, that was not me. That was down at Cape Girardeau. Trooper Swingle arrested him down there."

Q. "Do you want to throw those things in [in] a voluntary way? Are you trying . . . "

Mr. Vogel. Prosecuting Attorney, interrupting, addressing counsel for accused. "He is trying to answer your question."

Mr. Vogel. Addressing the witness. "Answer the question."

Mr. Frye, counsel for accused. "I don't want a lecture from the Prosecutor. I am asking this witness if you are throwing this in

voluntarily to help, if you are doing that with a view of trying to prejudice this jury against this man."

THE COURT. Addressing counsel for accused. "The court thinks that is very unjust to ask him did he arrest him sitting in a car."

THE COURT. Addressing the witness, "You said 'No.' Somebody else did, not him."

THE WITNESS. "Yes."

THE COURT. Addressing counsel for accused, "The court thinks that is the same as an answer, and the court is not going to let you abuse this witness."

[443] The record next states: "The defendant, by his counsel, excepts to the ruling of the court."

Appellant claims that the court committed prejudicial error by using the term unjust, and by the charge the witness was being abused. Appellant asserts that the question about arresting the accused while the latter was seated in a car was leading up to evidence which would show that the officer was prejudiced against the accused. Appellant states that on a previous occasion the officer, while arresting the accused, slapped the accused in the mouth while the accused was seated in an automobile. Thereafter the accused had told the townspeople of the officer's unnecessary roughness and brutality which had shamed the officer so that he was seeking revenge upon the accused.

Whatever counsel's purpose was, he brought into the evidence accused's former arrest by his own question. Further, he unduly qualified his question as to the officer arresting accused "while he [the accused] was sitting in a car." At that stage of the examination the form of the question was probably objectionable because it was confusing. But the officer attempted to answer it as it was asked, fixing the place of an arrest, but also stating he had not made the arrest, that another officer had. Then counsel improperly started to quarrel with the witness charging him in effect with prejudice against the accused. Counsel did not address himself to the court and ask that the officer's answer be stricken. He preferred to pursue his own plan of showing the officer's prejudice by questioning the good faith of the officer's answer in a wrangle with the officer before the jury.

Then the two counsel started to argue between themselves, and the court stepped in. The colloquy between counsel was over the form of the answer to the question, not over the form of the question. But the judge was evidently concerned with the form of the question. The judge no doubt made an unfortunate choice of language in describing the question as "unjust". However, counsel for accused must not have recognized at the time any impropriety in the court's comment that the question was unjust because he made no objection of any kind to the statement, made no motion to have the jury instructed to disregard the statement, and made no motion for a mistrial.

We fully realize that an examination of the cold record of this proceeding does not readily disclose the atmosphere of the trial, the mood of the jury, nor visibly show the prejudicial effect, if any, arising from remarks of questionable propriety by the court. But counsel for accused was present to sense and observe the effect of the comment on the jury, and to appraise its effect from his own reactions. Yet counsel voiced no objection. He had gotten before the jury his charge of the officer's prejudice. It was only after the court ruled the answer to the question was proper, and admonished counsel not to abuse the witness that the record shows counsel entered an exception to the *ruling* of the court. The exception did not specify it was addressed to the remarks of the judge, but was to the ruling of the court, and the only ruling of the court was on the propriety of the answer to the question. So we have no objection whatever to the remarks of the judge. And we do not find the situation was such that counsel was in a position where an objection would cause added harm by emphasizing the prejudicial effect, or would have been useless because of the attitude of the judge. Nor were the remarks so improper that they could not have been corrected by instruction to the jury.

The remarks of the judge were ill advised in the words used. We believe a judge should refrain from charging counsel with injustice or abuse, especially in the presence of the jury. Counsel in the heat of a trial may hurl such charges at one another, but such conduct is subject to admonition and reprimand by the court. As to his own remarks the judge has the last word. Therefore, it is all the more necessary for the judge in the presence of the jury not to pass judgment without good reason on counsel's conduct because of the effect it might have on the rights of the parties with the jury.

[444] However, under the circumstances of this case we find the remarks of the judge did not constitute prejudicial error. In criticizing the question as "unjust" the judge was in effect attempting to justify or explain the form of the witness' answer. Then in approving the answer and cautioning counsel not to abuse the officer, the judge, in effect, admonished counsel not to charge the witness with prejudice because of his answer. The judge's remarks did not subject counsel to contempt or ridicule, nor could they have prejudiced the accused with the jury. Furthermore, any impropriety attaching to them was waived by counsel's failure to object to them at the time.

The cases cited by appellant are not apposite on the facts. In State v. Davis (Mo.) 217 S. W. 87 the court's remarks were prejudicial because they could have been interpreted by the jury as a comment on the weight to be given the evidence by the jury. And in State v. Davis, 284 Mo. 695, 225 S. W. 707 this court found that the remarks of the trial court had put accused's counsel in such a humiliating and shameful position as to be extremely prejudicial.

Other cases have condemned improper remarks by a judge where taken together they indicated a deliberate attempt on the part of the judge to influence the jury; where the judge indicated his belief the accused was guilty; where the judge impugned the credibility of a witness; and where the remarks of the judge could have been construed to mean the accused was guilty. State v. Drew (Mo.) 213 S. W. 106; State v. Jones (Mo.) 197 S. W. 156; State v. Hyde, 234 Mo. 200, 136 S. W. 316; State v. Taylor, 293 Mo. 210, 238 S. W. 489.

We have come across only one case where the circumstances even resemble what we have here. In that case counsel for accused had continuously interposed objections to the state's question, objections which were clearly without merit and which had been consistently overruled. On repeating the same objection again, and without merit, the judge said: "I cannot think you are making it [the objection] in good faith." We held such statement was provoked by counsel's conduct and was not erroneous under the circumstances. State v. Headley (Mo.) 18 S. W (2d) 37.

The record in this case shows the accused had a fair trial in every respect. The complaint about the judge's remarks is not well taken. Accordingly, the judgment of conviction should be affirmed.

Judgment *affirmed*. All concur.