**STATE of Missouri, Respondent,**

v.

**David Anthony McCULLOUGH, Appellant.**

**No. 52384.**

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, David G. Dempsey, Special Asst. Atty. Gen., Clayton, for respondent.

Jay White, Rolla, for appellant.

HIGGINS, Commissioner.

Appellant was charged by information in the Circuit Court of Phelps County, October 7, 1965, with the felony of robbery in the first degree. Section 560.120, V.A.M.S. Upon change of venue, a jury found him guilty and assessed his punishment at 5-years' imprisonment in the penitentiary. Sentence and judgment were rendered accordingly.

Appellant tacitly concedes that the evidence was sufficient to sustain the conviction by his own statement of the case: "The State's evidence showed that the prosecuting witness was on September 24, 1965, in a beer tavern in St. James, Missouri, where he saw and talked to David McCullough, the defendant. When they left the tavern the defendant invited the prosecuting witness to ride in a car to the Soldier's Home in St. James, where the prosecuting witness lived. The prosecuting witness got into a car with defendant and two other boys, was taken to a location near Meramec Springs, beat, and robbed of about $15.00." The transcript supports such statement and establishes that the site of the crime, Meramec Springs, is in Phelps County, Missouri.

Appellant's assignment of error is that the court interfered in examination of witnesses, and argues that he was thus prejudiced.

The alleged interference occurred in these contexts:

(1) Upon cross-examination of the prosecuting witness:

"Q Well, did you see them drinking in the tavern, see that tavern man serving these minors beer in the tavern? Did you see this boy drinking beer in there? A They were sitting at the table there. Q Well, was he drinking beer or some intoxicating beverage? A I believe they were. Q Did you see them pay for it? THE COURT: What's the purpose of that? THE WITNESS: No. THE COURT: What's that got to do with the issues in this case? MR. WHITE: Your Honor, it reflects on the credibility. THE COURT: What is it? MR. WHITE: It reflects on the credibility of the witness, as to whether or not he remembers those things. THE COURT: Go ahead. Stay within the issues."

(2) Upon redirect examination of the prosecuting witness:

"Q Now, I don't know whether the jury heard the question,—I'll ask it again—that Mr. White asked: Whether or not you had any doubts as to the indentification—MR. WHITE: Now, I object to that, whether or not they heard, just to repeat, because

repetition is improper. THE COURT: Why don't you let him ask his question. He just gets started asking * * * I don't know what the question is."

(3) Upon recross-examination of state's witness, Trooper Kernick:

"Q How old was this Gerald Cook at that time? MR. HOERTEL: Now, Your Honor, I object. I don't see that it has any relevancy; Mr. White's witness. THE COURT: I don't know what the purpose of it is. Trying to shift the burden? Is that it? What's the purpose of it? MR. WHITE: To tell the jury, Your Honor, as much as I can about the case. I think I have that duty to advise the jury.

THE COURT: Sustained."

 On none of the foregoing occasions did defendant object to the court's remarks, request an instruction to disregard, move for mistrial, or seek any relief whatsoever until his motion for new trial; and it can only be concluded that defendant obviously did not believe the remarks to be improper or in any way prejudicial at the time they were made. If a party believes that remarks may prejudice his cause, he should object immediately and afford the court an opportunity to correct any erroneous impression, and the issue is not timely presented when raised for the first time in a motion for new trial. State v. Whitaker, Mo., 275 S.W.2d 316, 321 [19]; State v. Hudson, 358 Mo. 424, 215 S.W.2d 441, 442 [3]. Nor are these remarks in themselves indicative of "manifest injustice or miscarriage of justice" to invoke consideration of plain error under Criminal Rule 27.20(c), V.A.M.R., State v. Bazadier, Mo., 362 S.W.2d 603, 607 [8]; State v. Pinkston, Mo., 333 S.W.2d 63, 66 [1–3]; State v. Feger, Mo., 340 S.W.2d 716, 724 [11]. By way of contrast, see State v. Montgomery, 363 Mo. 459, 251 S.W.2d 654; State v. Bunton, 312 Mo. 655, 280 S.W. 1040.

Review as required by Criminal Rules 28.02 and 28.08, V.A.M.R., shows that:

the information is in proper form and sufficient; defendant was accorded jury trial upon his plea of not guilty; the verdict is in proper form and responsive to the issues; the punishment is within legal limits; the motion for new trial was considered; and allocution was granted.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.