**STATE of Missouri, Respondent,**

v.

**Richard CHAMP, Appellant.**

**No. 56630.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1972.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Vickrey & Taylor, Caruthersville, for appellant.

STOCKARD, Commissioner.

Richard Champ was found guilty by a jury of stealing personal property with a value of at least $50. The jury was unable to agree on the punishment, and punishment was assessed by the trial court at imprisonment for a term of two years.

There is no challenge to the sufficiency of the evidence. We shall outline briefly the events leading up to the charge against appellant. A jury reasonably could find from the evidence that in October of 1970 Mrs. Luetease Adger purchased a portable Singer sewing machine and placed it in her automobile. After attending to some business matters she returned to her automobile and the sewing machine was gone. Mr. Lewis Sanders saw appellant take the sewing machine from the automobile of Mrs. Adger and place it in his automobile. It was later found discarded in a ravine.

Appellant's first point is that the court erred in overruling his motion to dismiss because the magistrate court failed and refused to have the testimony of the witnesses at the preliminary hearing reduced to writing. Appellant argues that this denied him equal protection of the law and effective assistance of counsel.

We note that appellant's request to the trial court was *not* that the case be sent back to the magistrate court for a preliminary hearing with the testimony of the witnesses being reduced to writing. Instead appellant asked that the charge be dismissed; relief to which he was not entitled. We consider the issue before us to be whether appellant is entitled to a preliminary hearing at which the testimony is reduced to writing.

Appellant argues that he has been denied equal protection of the law because § 544.370 RSMo 1969, V.A.M.S., and Rule 23.-12, V.A.M.R., provide that in all cases of homicide the testimony of witnesses at the preliminary hearing be reduced to writing, but there is no such requirement in other cases.

The general purpose of the constitutional requirement of equal protection of the law is to prevent invidious discrimination. King v. Swenson, Mo., 423 S.W.2d 699, 705. It is not required that things which are different in fact be treated in law as though they were the same, Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577, and there is no constitutional requirement that legislation must reach every class to which it possibly could be applied. McClellan v. Kansas City, Mo., 379 S.W.2d 500; State v. Lee, Mo., 404 S.W.2d 740. It is sufficient if the classification rests upon some real difference which has some relevance to the purpose for which the classification is made, and that the regulation apply to all members thereof equally. Strohmeyer v. Southwestern Bell Tel. Co., Mo.App., 396 S.W.2d 1. The requirement that the testimony of witnesses in a homicide case be reduced to writing, and not in other cases, is a policy matter. Cases of homicide pertain to the taking of a human life, and the establishment of rules applicable to those cases alone

is not an unreasonable classification. We find no merit to this argument of appellant.

■ Appellant next argues that he was denied equal protection of the laws in that as an indigent he could not buy a transcript of the proceedings but a person with money could have done so. This poor man-affluent man argument is based on the reasoning of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, although appellant does not cite it, and the cases which have followed and reaffirmed the principle that "justice be applied equally to all persons." Williams v. State of Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586. However, those cases do not involve the factual situation where, as here, the court does not have a reporter, which is true of the magistrate courts in this State except when a reporter is authorized to be appointed pursuant to § 485.150, V.A.M.S., in homicide cases. An affluent man cannot buy an official transcript of the testimony at a preliminary hearing in a nonhomicide case, because there is no provision for one being made and one is not made. We know of no rule which requires a State to make available to a poor man that which is not available to an affluent man.

■ Appellant's second contention is that the court committed prejudicial error when in the presence and hearing of the jury it overruled his motion for acquittal submitted at the close of the State's evidence. The motion was submitted without argument, and the record shows the following ruling: "Let the record show defendant's motion for judgment of acquittal is submitted and overruled." Appellant contends that for the court to make this ruling within the hearing of the jury was in violation of Rule 26.09, V.A.M.R., which provides that "The court shall not in the trial of the issue in any criminal cause orally sum up or comment upon the evidence * * *."

At the time the above ruling was made by the court appellant made no objection and he did not request the court to take any corrective action. Assuming, but not ruling, that it was improper for the court to have made the ruling within the hearing of the jury, it is of the nature that the prejudice, if any, could have been removed by an oral instruction to the jury to disregard the ruling, or by some other action. In the absence of a request for corrective action, the appellant is not now entitled to a new trial. Also, this was a comment made by the court to counsel, and the jury would so understand it. It can be likened to a comment by the court stating its reasons when ruling on an objection to the admission of evidence. In State v. Hudson, 358 Mo. 424, 215 S.W.2d 441, it was stated that "Where the remarks of a judge are directed to counsel in ruling upon the admissibility of evidence and embodying the reasons on which the ruling is based ordinarily they are held to be not prejudicial." See also State v. Phelps, Mo., 478 S.W.2d 304.

■ Appellant also contends that the trial court abused its discretion by not requiring the jury to deliberate further on the issue of punishment.

The jury retired to deliberate at 1:35 o'clock p. m. At 3:15 o'clock the jury returned to the courtroom to ask some questions, and at this time the foreman stated that "The jury lacks one in agreement upon the punishment." At 3:20 o'clock the court directed that the jury retire for further deliberation, and at 3:32 o'clock it returned to the courtroom and returned its verdict as follows: "We, the jury, find the defendant Richard Champ guilty of stealing property of the value of at least fifty dollars as submitted in Instruction No. 3, but are unable to agree upon the punishment."

We cannot accept appellant's assertion that the jury deliberated only twelve minutes on the issue of punishment. It may have deliberated on that issue for a substantial portion of the time between 1:35 and 3:15 o'clock. The trial court is invested with broad discretion in matters of this nature. State v. Summers, Mo., 362 S.W.2d 537. We cannot hold that as a

matter of law the trial court abused its discretion in the circumstances of this case in not directing further deliberation on the issue of punishment.

■ Appellant's last contention is that Instruction No. 7 was "unduly repetitious of the verdict forms offered by the State."

You are further instructed that three forms of verdict will be handed to you with these instructions. You will complete one form but will return all forms to this Court.

You may find the defendant guilty of stealing property of the value of at least fifty dollars or not guilty of that offense.

You should first decide upon the guilt or innocence of the defendant. If you find the defendant guilty you should fix his punishment. If, however, after due deliberation, you find the defendant guilty but are unable to agree upon his punishment, your foreman alone may sign one of the verdict forms so stating, and in that event, the Court will fix the punishment.

Appellant does not attempt to demonstrate in what ways the instruction was repetitious, or if so how he was prejudiced. He asserts by way of conclusion only that it "placed undue influence on what the jury should do if they found appellant guilty but were unable to agree on his punishment." We do not agree that this was the result.

We find no material difference between Instruction 7 and the instruction approved in State v. Brown, Mo., 443 S.W.2d 805, and appellant does not attempt to demonstrate any such difference or how he was prejudiced.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.