STATE of Missouri, Respondent,

v.

George W. BROWN, Appellant.

No. KCD 27313.

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

Willard B. Bunch, Public Defender, 16th Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The defendant appeals from a conviction of manslaughter and a sentence of imprisonment for a term of ten years.

The defendant and one Henry Piggie, Jr. had joined a number of others in a game of dice. As the afternoon progressed, they drank and quarreled, and after Piggie passed out from an excess of consumption, the defendant struck him on the head with a metal stool and caused his death.

At the beginning of the trial, the prosecutor announced that his first witness was to be Gerald Fortney, a member of the Kansas City, Missouri Police Department who was soon to leave for Mexico on official business. The defense counsel was aware that Fortney intended to testify to an oral statement made by the defendant in his presence which contained an admission that defendant had struck the blow which killed Piggie. The defense counsel objected to the reception of any statement made by the defendant until the State first established, by other evidence, the corpus delecti. The trial judge overruled the objection with this comment:

> We have wasted so much time in this case already. We have burned up much of it unnecessarily. I felt you all took too long to make your strikes to start with, and we fooled around with these motions this morning and there was much more testimony than was necessary and we can't move the docket when all we've got is all these delays, so I will overrule the motion. Let's proceed.

 This expression went without challenge by the defendant and the case proceeded to trial. He now complains, as he did for the first time on motion for new trial, that the judicial comment evinced an attitude of prejudice toward any evidence which the defendant might adduce and thus denied him a fair trial. A party who believes, however, that the remarks of the court at the trial have prejudiced his cause must object immediately so that the court may correct any erroneous impression. It is not enough to make the claim of prejudice for the first time on the motion for new trial. State v. McCullough, 411 S.W.2d 79, 81[1–3] (Mo.1967). Failure to lodge a timely objection waives the error unless the prejudicial effect cannot be eradicated. State v. Hudson, 358 Mo. 424, 215 S.W.2d 441, 442[3] (1948).

 The remarks of the trial court, in any event, were only hortative to an expeditious disposition of the litigation, and in terms were directed to both litigants without partiality. It could not have impaired a fair trial by the jury and, accordingly, was not an abuse of discretion. State v. Fletcher, 190 S.W. 317 (Mo.1916); State v. Thursby, 245 S.W.2d 859 (Mo.1952).

The defendant complains also that the court improperly allowed as evidence a photograph of the site of the homicide. The exhibit, in muted color, depicts the torso of Piggie lying upon the wall of the porch where he was struck down by the defendant and is marked by a stain of blood trailing from the head of the victim down along the wall to the ground below. The defendant contends that this depiction was gruesome and gory and served no evidentiary purpose and was offered merely to inflame the jury. The defendant contends further that any fact material to the State's case

shown by that exhibit was already shown with dispassion by another item of photographic evidence, exhibit No. 7, so that the subsequent exhibit added nothing to the knowledge of the jury. Since exhibit No. 7 was not made part of the record on appeal, however, we are not able to test the validity of that assertion.

 It is the general rule that photographs are admissible if they tend to show the conditions existing at the scene of the crime and enable a better understanding of how the facts and circumstances detailed by witnesses bear upon the material matters at issue. State v. Brown, 312 S.W.2d 818, 822[3–7] (Mo.1958). Thus, when it is material to the issues, a photograph of the deceased may be admissible in a prosecution for homicide even though a gruesome or shocking aspect of the representation may tend to excite the passion of the jury, provided the probative value of the exhibit outweighs the danger of prejudice to the accused. State v. Jackson, 499 S.W.2d 467, 472[8] (Mo.1973). In this determination, the trial court owns a wide discretion. State v. Stevens, 467 S.W.2d 10, 24[16–18] (Mo.1971). It is not a valid objection that the evidence · depicted by the photograph has been given by oral testimony or that it is cumulative. State v. Spica, 389 S.W.2d 35, 55[35–37] (Mo.1967); State v. Tyson, 363 Mo. 1242, 258 S.W.2d 651, 654[3, 4] (1953).

 On these principles, the photographic exhibit was properly received as evidence. The State presented evidence of a homicide done with deliberation, and the defendant asserted self-defense. The instructions submitted were on murder in the first and second-degree, manslaughter and justifiable homicide. The jury was entitled to a clear impression of the crime scene in order to make an intelligent determination of these issues. The exhibit was of value, prima facie, to a better understanding of the positions and movements of the principals preceding the fatal assault, and bore directly on the material issues of unlawful or justi-

fiable homicide. For example, the position of Piggie on the wall ledge and the incidence of blood on the outside of the wall, but not on the inside, lends support to the oral testimony of State's witnesses that Piggie was lying down when struck. The height of the wall was also relevant to the claim of self-defense, in that Piggie's threat to throw him off the porch precipitated the chain of events which led to his assault upon Piggie.

There is no complaint that the photographic exhibit did not accurately represent the subject depicted; if it was gory and shocking, it was because that was the nature of the crime, whether described by word or picture.

The judgment is affirmed.

All concur.