STATE of Missouri, Plaintiff-Respondent,

v.

Edward Jeff NEVILLS, Defendant-Appellant.

No. 35526.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 12, 1975.

Daniel P. Reardon, Jr., St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, Arthur Friedman, Asst. Circuit Attys., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant Edward Jeff Nevills was found guilty of first degree robbery with a dangerous and deadly weapon and of first degree murder. He was sentenced to respective consecutive terms of fifteen years and life imprisonment.

The evidence leading to defendant's conviction showed that when he entered the room of Mr. Cairo Fowler, Fowler and his friend, Shelley Pearson, were present. Defendant grabbed a gun belonging to Pearson. He took thirty-five cents from him and then forced the two men upstairs to Pearson's apartment where he made Fowler assist him in tying Pearson's hands and feet. Defendant then placed a pillow over Pearson's head and shot him through the head. After taking a coat from Fowler and threatening his life if he talked, defendant left. Fowler subsequently told his story to police. When they arrested defendant at his home, the officers noticed a wood burning stove and retrieved from it a smoldering coat which Fowler identified as the coat he gave to defendant.

Defendant's sole allegation of error on appeal revolves largely around the following interchange which occurred after two prior warnings by the judge that side comments to the jury would not be allowed:

"MR. FRIEDMAN: I object as repetitious. He's already testified he went into the drawers and he got the watch.

THE COURT: Let's get along with the case.

MR. RICH: [Defense counsel] Well, Your Honor, a man's life is in danger, I believe an innocent man's life is in danger.

THE COURT: I don't care what you believe. You will conduct this case in an orderly manner and you will not make any more remarks like that or I will hold you in contempt. The jury will determine who is innocent and who is not.

MR. RICH: I am simply trying to find—

THE COURT: I know what you were trying to do and you are not going to do anything like that in this courtroom.

MR. RICH: I am simply trying to find out the facts.

THE COURT: I am not restraining you from finding out the facts but I expect you to do so in an orderly manner."

No objection was made at that time. In his motion for a new trial, appellant alleged that the trial court erred in "threatening to hold defendant's attorney in contempt, in front of the jury, without valid reason." Appellant's brief on appeal raises this issue, but expands upon the point arguing that appellant was denied a fair trial because the remark prejudiced his case. In addition, his brief calls our attention to various comments by the trial court not mentioned in his motion for a new trial, the cumulative effect of which he alleges denied him a fair trial by obscuring the merits of his case.

■ The long standing general rule is that: "If a party believes that remarks may prejudice his cause, he should object immediately and afford the court an opportunity to correct any erroneous impression, and the issue is not timely presented when raised for the first time in a motion for new trial." *State v. McCullough,* 411 S.W.2d 79, 81[1–3] (Mo.1967); *State v. Whitaker,* 275 S.W.2d 316, 321[19] (Mo.1955). An appellate court cannot totally reconstruct the atmosphere of a trial and all the intangible factors that might lead counsel to believe that his client has been prejudiced by a remark of the court. It is therefore incumbent upon counsel, who can sense and observe the effect of prejudicial comments, to voice his objections promptly. *State v. Hudson,* 358 Mo. 424, 215 S.W.2d 441, 443[7] (1948). Such matters, when presented for the first time in a motion for a new trial, have been held not preserved for review. *State v. Jones,* 462 S.W.2d 715, 717[1] (Mo. 1971). Similarly, when contentions not presented to the trial court in a motion for a new trial are presented for the first time in the brief on appeal, nothing has been preserved for review. *State v. Stucker,* 518 S.W.2d 219, 221[1] (Mo.App.1974); *State v. Kinder,* 496 S.W.2d 335, 339[3–5] (Mo.App. 1973). Situations may arise, however, in which the court's remarks "were so prejudicial that their effect is considered ineradicable." *State v. Hudson, supra* at 442[1–3]. In light of the latter remark, we have reviewed the record to determine whether the court's warning, in the presence of the jury, that counsel might be held in contempt, or any other remarks, so prejudiced defendant that he was denied a fair trial and hence might be considered manifestly unjust so as to require us to consider them plain error under Rule 27.20(c).

■ The following principles should be kept in mind. In discharging its duty to maintain order and decorum and to exercise general control over the trial, the court may correct or reprimand counsel when necessary, *State v. Pinkston,* 333 S.W.2d 63, 66[1–3] (Mo.1960), provided it is done in a manner that does not subject counsel to "contempt or ridicule, or which does not prejudice the party he represents with the jury." *State v. Hudson, supra* at 442[6]. The court may, in or out of the jury's presence, punish counsel for contempt if undue prejudice does not result therefrom. *State v. Montgomery,* 223 S.W.2d 463, 469[18, 19] (Mo.1949); *State v. Henderson,* 356 Mo. 1072, 204 S.W.2d 774, 780[12–14] (1947).

■ Defendant's allegation that the court committed reversible error in threat-

ening counsel with contempt could not be sustained even if properly preserved. No case compels us to overturn a conviction and remand a case for a new trial solely because an attorney was threatened with contempt of court in the presence of the jury. Rather, all of the circumstances must be considered. The cases cited by appellant support this view. In *State v. Montgomery*, 363 Mo. 459, 251 S.W.2d 654 (1952) the court threatened to impose "some punishment" and to fine defense counsel for contempt after counsel sought to placate the court by apologizing for an error that he had not committed. The court then ordered counsel to sit in his chair. Animosity, noted the Supreme Court, was reflected in other respects and in other circumstances throughout the record. When combined with the serious improprieties in the closing argument of the state's attorney, the court's attitude and remarks were held instrumental in depriving defendant of a fair trial. *State v. Montgomery, supra*, 251 S.W.2d at 658. In *State v. Hicks*, 438 S.W.2d 215, 220[11] (Mo.1969), the court found that the prejudicial effect of other errors was intensified by the obvious hostility of the trial court toward defense counsel exhibited during the course of the trial. The constant wrangling between judge and counsel augmented the adverse effect of the other errors. It has been stated, though in dicta, that "the court's mere remark, in some circumstances, might constitute prejudicial, reversible error". *State v. Montgomery, supra*, 223 S.W.2d at 469[18, 19]. We can find no case, however, in which the court's threat to hold counsel in contempt, standing alone, has led to a reversal.

■ The trial record in the instant case has been given a thorough consideration. A detailed discussion of appellant's complaints and the remarks to which they relate would be of no value. The majority of the "remarks" to which we are specifically directed consist of rulings upon objections and statements by the court of reasons for the rulings; or, in certain instances, of proper admonishment of counsel. Neither form of comment constitutes error. *State v. Hudson, supra*, 215 S.W.2d at 442[4]; *State v. Murphy*, 111 S.W.2d 132, 135[3, 4] (Mo.1937). Nothing in the record reveals the "constant bickering", the "open dispute", or the "obvious rancor" referred to in appellant's brief. On the contrary, the trial court displayed a commendable patience and permitted great latitude to defense counsel. There is no indication of prejudice, misconduct or bias on the part of the trial judge. See *State v. Turner*, 320 S.W.2d 579, 583[4–7] (Mo.1959).

■ Appellant also complains that the trial judge commented upon and interpreted the evidence. To do so would be error. *State v. Carter*, 451 S.W.2d 340, 345[7] (Mo. 1970). The comments to which we are referred, however, were merely repetitions of witnesses' answers for the benefit of defense counsel who appeared not to have heard them or to have forgotten that the question had been answered. This does not constitute a comment upon or an interpretation of the evidence. A thorough consideration of the trial record discloses nothing that would sustain the allegations of misconduct prejudicial to defendant or his cause. See generally, *State v. Barnholtz*, 287 S.W.2d 808, 812[4, 5] (Mo.1956). Application of accepted principles in the light of all the facts and circumstances reveals no improper judicial conduct which would require a reversal and a new trial.

Defendant's conviction is therefore affirmed.

DOWD and RENDLEN, JJ., concur.