**STATE of Missouri, Plaintiff-Respondent,**

v.

**Calvin R. HARRIS, Defendant-Appellant.**

No. 37843.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 27, 1977.

Mary Louise Moran, Frank R. Fabbri, III, Asst. Public Defenders, St. Louis, for defendant-appellant.

Gary W. Brandt, Asst. Circuit Atty., St. Louis, W. Mitchell Elliott, Nanette Laughrey, Jeffrey W. Schaeperkoetter, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of robbery with a dangerous and deadly weapon and resultant five year sentence.

No question of the sufficiency of the evidence is raised. The evidence supported a finding that defendant, acting with another, robbed Ernest Whitfield, at gunpoint, of $100 and a duffel bag containing clothing. Defendant's testimony was that he and an accomplice relieved Whitfield of $47 through a confidence game which ingeniously combined the "pigeon drop" with a game of three card monte. Both robbery and stealing by deceit were submitted to the jury which found Whitfield was robbed, not cheated.

On appeal defendant raises only one point. He contends that a statement by the trial court constituted an improper comment on the evidence. Since no objection was made at the time of the statement or in the motion for new trial, reversal is sought under the plain error rule. Rule 27.20(c). The claimed objectionable statement occurred in the following context:

"Q. [Prosecutor] Then what happened?
A. [Victim] . . . The guy that he [defendant] was talking to inside of the building jumped out of the back seat of the cab, said 'I don't want to hurt you—'
MISS WALLACH [defense counsel]: I am going to object to what anyone says as hearsay.
THE COURT: Sustained.
Q. (By Mr. Brandt) [Prosecutor]: Let me ask you—
THE COURT: You are objecting to the statement concerning—
MISS WALLACH: What any other individual said other than the defendant as hearsay testimony.
THE COURT: Wait a minute now.
MR. BRANDT: She is objecting to the statement made by anyone else.
THE COURT: *This is the other person acting together?*
MR. BRANDT: That's correct.
THE COURT: I will overrule that, then."

The emphasized statement is, defendant claims, a comment that the man referred to was, in fact, acting together with defendant, one of the elements charged in the information.

We find no basis for invoking the plain error doctrine for several reasons. Initially, the statement was directed to counsel, not the jury, and requested information necessary for the court to rule on the objection. Such statements are ordinarily held not to be prejudicial. *State v. Phelps*, 478 S.W.2d

304 (Mo.1972) [16–17]; *State v. Moore*, 303 S.W.2d 60 (Mo. banc 1957) [7]; *State v. Hudson*, 358 Mo. 424, 215 S.W.2d 441 (1948) [1–4]. Secondly, we do not interpret the statement to indicate the court's belief that the two men were acting together. Rather, it was an inquiry whether the man who made the statement was the man claimed to be the other alleged robber. Thirdly, the instructions of the court clearly advised the jurors that they were the sole judges of the facts and that no statement or remark of the court was intended to indicate its opinion of the facts. Finally, defendant testified that he was acting with another in the operation of the confidence game. There could therefore have been no prejudice to defendant from the court's statement.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.