STATE of Missouri, Respondent,

v.

Robert E. BENSON, Appellant.

No. KCD 28776.

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSER-STROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Robert E. Benson was convicted of robbery in the first degree, § 560.120, RSMo 1969, and sentenced to five years imprisonment.

On this appeal Benson contends the court erred in failing to admit certain evidence and refusing to grant a mistrial after certain remarks made by the court. Affirmed.

Benson does not raise any question concerning the sufficiency of the evidence. He was identified by several participants in a dice game as the person who had been also participating in the game but drew a gun and relieved the other participants of their money.

One of the State's witnesses was Roy Odom, who was the lessor of the building in which the game was being held. He had sub-leased the actual site of the game to Ernest Jones. Odom testified he had gone to the room where the game was being held at the request of Jones because it was discovered Benson had a gun in his belt. Odom stated when he entered the room Benson drew his gun and placed it at Odom's head and announced the holdup. Odom identified Benson as the person who had placed the gun to his head.

In an effort to impeach Odom, the defense called a police officer who stated he had taken a statement from Odom at a hospital after the robbery. Odom's hospitalization was not related to the robbery. The officer stated Odom told him the man who had robbed him was the man who had been shot by a guard at the Southeast State Bank.

Benson called Otis Atkins, a guard at the Southeast State Bank, as a witness. Atkins was examined out of the presence of the jury to afford the court an opportunity to pass on the State's objections to his testimony. This examination revealed the purpose in calling Atkins was to establish that a person named Booker Powell was the one who had been shot at the Bank. The State objected to Atkins' testimony on the grounds it was not relevant to any issue in the trial of Benson. Benson contended such evidence was relevant to show the name of the person who had been shot at the Bank. From other evidence it was apparent the person shot at the Bank was not Benson.

■ Under the rule followed in this State as announced in *State v. Granberry*, 491 S.W.2d 528, 530 (Mo. banc 1973) it was proper for the extrajudicial statement made by Odom, in which he did not identify Benson as the robber, to be shown to impeach

or discredit Odom's testimony. However, such rule further provides such impeachment evidence is not competent as substantive evidence of the facts to which the statement relates.

■ Thus, Benson was properly allowed to impeach witness Odom by his previous extrajudicial statement. However, this does not dictate that Benson be permitted to go further to prove the identity of the person who was shot at the Bank when it was apparent such person was not Benson. The question of who was shot at the Bank was completely irrelevant to any matter at issue in the trial of Benson. *State v. Walden*, 490 S.W.2d 391, 393[1–3] (Mo.App. 1973). For that reason the court did not err in refusing the testimony of witness Atkins.

Benson next complains about a remark directed to his counsel by the court during a discussion at the bench out of the hearing of the jury. During this discussion the court noted the many delays in the trial caused by Benson's counsel. The court advised counsel because of these delays his performance had been very unsatisfactory.

After this discussion, evidence was presented to show at least some of the remarks made by the court were, or could have been, heard by the jury. The court made it clear that such remarks were intended to be out of the hearing of the jury. Following a recess, which occurred immediately after the conference of which complaint is made, the court instructed the jury that it was not to consider any remarks which it may have overheard while any conference was being held at the bench. The court further reminded the jury of a previous instruction that they were not to consider any statement, ruling or remark the court made during the trial as indicating any opinion of the court as to what the facts in the case were. The court then overruled Benson's motion for a mistrial based on the statement made to counsel.

■ It is beyond dispute the trial court has the duty to maintain order and decorum in the courtroom and to exercise general control over the trial. In the performance

of this duty, the court may correct or reprimand counsel when it becomes necessary, "provided it is done in a manner that does not subject counsel to 'contempt or ridicule, or which does not prejudice the party he represents with the jury.' *State v. Hudson, supra* [358 Mo. 424, 215 S.W.2d 441] at 442[6]." *State v. Nevills,* 530 S.W.2d 52, 54 (Mo.App.1975).

■ The remarks made by the court here were first intended to be out of the hearing of the jury. Assuming, however, the jury may have heard part or all of the court's remarks, no prejudice is shown to exist. The court was not indicating the result which it thought the jury should reach in this case. Further the court promptly instructed the jury that the conference held at the bench, even if overheard by the jury, was to be disregarded by them. More important, the remarks made by the court were justified by the delays Benson's counsel had occasioned. The single remark made in this circumstance did not subject counsel to contempt or ridicule. The court's remarks did not require a mistrial. *State v. Teeter,* 239 Mo. 475, 144 S.W. 445, 447[4] (1912).

Judgment affirmed.

All concur.