STATE of Missouri, Respondent,

v.

William C. LEWIS, Appellant.

No. KCD 28783.

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The defendant was convicted of felony murder and was sentenced to life imprison-

ment. This appeal contends that the evidence was not sufficient for conviction and that the unprompted comment and interruption by the court of defense cross-examination prejudiced a fair trial.

█ The evidence favorable to the verdict fairly shows that the defendant Lewis in concert with one Young conspired to rob an A & P Store. They discussed the plan in the presence of Grace Lawton who then lived with Young as paramour. They met in her home twice to plot the crime, once on the day before, and then on the morning of the robbery. Young made a sketch of the store and went over it with defendant Lewis. Grace Lawton saw them again at her apartment the evening of the robbery. As they entered the apartment they discussed the event and the defendant Lewis mentioned he had to fight the security guard, and the gun discharged. Later, when the television newscast reported that the same A & P Store had been robbed and the security guard killed, the defendant and Young were amused and commented, to the effect, that the guard had "no business fighting over white man's money". They had arrived at the apartment with a green trash bag filled with bills in denominations from one to twenty dollars which totalled about $300. They also had with them a gun which they said they took from the security guard and now had to be disposed of because the weapon would incriminate them. All this evidence was given for the State by witness Grace Lawton.

The defendant Lewis was positively identified as a principal in the felony murder by one Clarence Williams, a customer in the store. He and his wife had arrived at the A & P a few moments before the store opened and then noticed a car thereby with three black males. Two of them entered the store behind him and his wife. After two or three minutes he heard a shot and as he sought cover he saw the same two blacks retreat from the security guard. Williams identified one of them as the defendant. The other man entered the office and demanded the safe be opened. In the meanwhile the defendant urged his companion to hurry. At one point the witness raised his head and the defendant pointed a gun at him. The witness had earlier identified the defendant from a lineup.

The defense was alibi. The defendant took the stand to disclaim involvement in the crime. He acknowledged he had known Young since childhood, and then in prison together, and later in vocational school. Young was in the course of an affair with Grace Lawton and she had become extremely jealous because of his continued consort with other women. The defendant became her confidant on these personal matters. Later she became his mistress as well. She asked him for money to regain custody of a child, but he refused, and he refused also information about Young and another woman. The defendant testified that Grace Lawton became resentful and only animus prompted her testimony against him at the trial. The defendant also testified that on the date of the robbery and murder, he was unable to walk normally from a thigh bone fracture and used a cane. An instructor and a counselor at the technical school corroborated the testimony that on the day in question the defendant walked with difficulty.

The defendant also produced his mother and step-father for the proof of alibi. The parents both testified that the defendant was at home with them that morning. The day of the crime was a day they remembered because it was both Mothers Day and her birthday.

Contrary to the contention on appeal, the evidence of guilt was direct and substantial and certainly, when taken in the light most favorable to the verdict, suffices for conviction. The point defendant really means to elaborate, however, is not sufficiency of proof but credibility of the prosecution witnesses. He argues that witnesses Williams and Lawton were not worthy of belief because his attention was not drawn to the robbers until after the shots and her testimony that she saw the defendant and Young count ten and twenty dollar bills contradicted the A & P manager that none of those denominations were taken.

■ Our review does not undertake to assess the animadversions which prompt a witness to certain testimony, nor the contradictions which examination discloses: these are matters of weight and credibility of evidence for the jury. *State v. Tucker,* 451 S.W.2d 91, 95[5] (Mo.1970).

The other point blames the trial court for undue interference during this cross-examination colloquy of prosecution witness Grace Lawton:

Q. [Defense Counsel]: Do you recall that in January of this year, 1976, you were subpoenaed to give testimony at a deposition in connection with this case?

A. [Witness Lawson]: Yes.

Q. Do you recall that you were required to come in the Office of the Public Defender's, and to answer questions put to you by Mr. Speck, who then represented the defendant?

A. Yes.

Q. Do you recall that Mr. Bertram was there representing the State at that time?

A. Yes, he was there.

Q. And you were sworn under oath at that time to tell the truth; is that right?

A. Yes.

Q. I will read to you the following. THE COURT: *No, you won't.*

COUNSEL: Pardon me, may I approach the bench, Your Honor.

THE COURT: Well—

COUNSEL: Pardon me?

THE COURT: Well, it is just simply, you may ask her about it, and if she denies it, then there is something else that may happen.

COUNSEL: That is what I intend to do.

THE COURT: Then do it. We are going to be until the middle of the afternoon just continuing the cross-examination, if we don't move along.

COUNSEL: Pardon me, Your Honor.

The defendant argues that the jury—within this context of cross-examination of a witness decisive for the prosecution and openly hostile to the defense—could only have understood "No, you won't", spoken by the court, as a partisan reproof neither solicited by the prosecution nor otherwise necessary.

■ The requirement of a fair trial imposes on the judge an absolute impartiality as to his words and conduct. He must not do or say anything that will put the accused at a disadvantage before the jury. Where the remarks of the court are responsive to a request for ruling, there can be no prejudice. The court has another duty: to manage the trial with order and decorum, and so must protect witnesses from abuse and intimidation. *State v. Hudson,* 358 Mo. 424, 215 S.W.2d 441, 442[1–5] (1948). Where the judge intermeddles or otherwise exhibits a manner prejudicial to the accused, error results. In such case, an objection must be made or the error will be considered waived, unless the effect is so prejudicial that it cannot be removed. *State v. Brown,* 524 S.W.2d 188, 189[1–3] (Mo.App.1975).

The comment of the court went without challenge by the defendant at the trial. He now claims plain error under Rule 27.20 and relies principally on *State v. Embry,* 530 S.W.2d 401 (Mo.App.1975) where the court took up sua sponte consideration of prejudice from judicial misconduct which went without objection.

In *Embry* the trial court interrupted defense counsel examination of an alibi witness on four successive questions to which no objection had been made by the State. The appellate court found [l.c. 403] that the manner of this unsolicited interference with the defense examination made it appear that the trial judge had abandoned its due position of neutrality for the role of prosecutor. The court found the prejudice so grievous as to have resulted in manifest denial of a fair trial to defendant, and so allowed relief under the plain error rule.

The incident before us does not fall within that proscription. What the defendant treats as an impatient, and even abrupt, response by the court was only a prompt

redirection of counsel from an improper attempt at impeachment by a prior inconsistent statement to the accepted procedure. It was a corrective and not an act of partisanship. The response of counsel to the advice of the court: "Pardon me, Your Honor", concedes his obvious procedural error.

It is apparent from the record that, absent objection by the State, the course of examination upon which counsel had commenced could result in an unintended abuse of the witness. The court acted quickly to avoid that threat in a manner consistent with his duty to control the trial and protect the witness. *State v. Hudson, supra,* l.c. 442[5]; *State v. Pinkston,* 333 S.W.2d 63, 66[1–3] (Mo.1960).

No error appears. The judgment is affirmed.

All concur.