STATE of Missouri,
Plaintiff-Respondent,

v.

Steven LINT, Defendant-Appellant.

No. 45464.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 30, 1983.

Ellen F. Watkins, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Rick Barry, Clayton, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant Steven Ray Lint was charged with rape under § 566.030 RSMo 1978,[1] sodomy under § 566.060, kidnapping under § 565.110, assault in the first degree under § 565.050, and exhibiting a deadly weapon under § 571.115. A jury trial resulted in appellant's conviction on all charges and the jury assessed his punishment at twenty-five years for assault, twenty years for rape, ten years for sodomy, and ten years for kidnapping all to run concurrently. Defendant also received a two year sentence for displaying a deadly weapon, said sentence to run consecutively.

We have rearranged and combined the nine points raised on appeal. Restated they are as follows:

1) The court erred in overruling defendant's motion to dismiss the charge of flourishing a deadly weapon because that offense was a lesser included offense of both

---

1. Unless indicated otherwise all statutory references are to RSMo 1978.

assault and kidnapping thus constituting double jeopardy on two of the counts.

2) The court erred in overruling defendant's motion to dismiss the charge of kidnapping in that defendant was charged with performing the kidnapping for the purpose of facilitating the commission of the rape, sodomy and assault making the kidnapping incidental to the commission of the other crimes and placing defendant in double jeopardy.

3) The court erred in sustaining the state's objection to the testimony of an expert witness concerning the effect of marijuana on memory, sexual drive and inhibitions because such evidence tends to impeach the credibility of the witness and is relevant to the issue of the victim's consent.

4) The court erred in sustaining the State's objection to defendant's cross-examination regarding the kind and amount of marijuana the victims had smoked and in refusing to allow expert testimony as to the effect of marijuana on the mind because such evidence may tend to impeach the witness's credibility.

5) The court erred in making an unsolicited comment during defendant's cross-examination of a State's witness because said remarks constituted a prejudicial comment on the evidence.

6) The court erred in refusing to give instruction MAI–CR2d 19.04.1 on second degree assault as required since the evidence supported the defense of justification.

7) The court erred in refusing defendant's proffered instructions D, A & B because instruction D was required as there was evidence of consent and that A & B were required if D was required.

The victims in this case, Kimberly Bratcher and Steven Bailey were smoking marijuana for about 10–15 minutes in a secluded location when they were approached by the defendant. Bratcher testified the defendant was carrying a rifle which was pointed towards the ground. Defendant left and later returned, pointed his rifle through Bailey's car window, told them he was a detective and ordered them

out of the car. He took them to his home and ordered Bratcher to remove her clothes or he would shoot Bailey. When Bailey attempted to intervene defendant proceeded to beat Bailey over the head with the wooden part of the rifle. Defendant then dragged Bailey to another room, tied him up with an extension cord and kicked him. Defendant again threatened to kill Bailey. Defendant then ordered Bratcher to remove her clothes before he taped her wrists and eyes. He later removed the tape, ordered her to sodomize him and then raped her. He also threatened to kill both her and Bailey because he knew they would go to the police. Bailey and Bratcher suggested they take a stereo from defendant's house so as to decrease the likelihood of their going to the police. After they were released the victims went to the Warson Woods police station and reported the incident.

We first note defendant repeatedly relies on § 556.040 RSMo 1978 which in part provides that a person may not be convicted of more than one offense if the offense is defined as a continuing course of conduct. However, defendant did not raise this statute as a ground for dismissal and has thereby failed to preserve this portion of his argument for review. *State v. Walsh,* 624 S.W.2d 526, 529 (Mo.App.1981); *State v. Davis,* 482 S.W.2d 486, 489 (Mo. 1972).

Defendant first contends he was subjected to double jeopardy when he was charged with exhibiting a deadly weapon, kidnapping and assault. We disagree.

It is proper to isolate and submit to the jury, distinct and independent statutory offenses. *State v. Brewer,* 630 S.W.2d 591, 596 (Mo.App.1982).

Section 571.115 subjects one to criminal liability for exhibiting a dangerous and deadly weapon in a rude, angry or threatening manner. The charge of kidnapping only requires the removing of another without his consent for a substantial period for the purpose of inflicting personal injury on or terrorizing the victim or another. Final-

ly, a person commits the crime of assault if he knowingly causes serious physical injury to another person. First, the evidence reveals the defendant used the rifle to force the two victims into the house by pointing it at them. Once inside he used the rifle to beat Bailey over the head when Bailey attempted to intercede on Bratcher's behalf. As to the kidnapping, defendant's argument that the exhibition of the rifle coerced the removal of the victims is not persuasive. Coercion or the method of accomplishing the victim's removal is not an element of kidnapping. Clearly, the elements of each offense are different and there is no one element which is common to both. *State v. Brewer*, 630 S.W.2d at 596.

Furthermore, defendant's reliance on *State v. Richardson*, 460 S.W.2d 537 (Mo. banc 1970) is misplaced. The defendant in *Richardson* was convicted of attempted robbery and subsequently in a separate trial convicted of assault. Such is not the case here where defendant was tried and convicted in one trial and the crimes were not split and prosecuted in parts. There was no violation of defendant's statutory or constitutional rights. Defendant was properly charged and convicted of separate counts of assault, flourishing a deadly weapon and kidnapping and his first two points are without merit.

In his next point defendant claims he was placed in double jeopardy when also charged with rape, sodomy and assault in that the crime of kidnapping was merely incidental to the other crimes. He also contends that the length of confinement, the distance of the asportation and the amount of the additional danger to which the victim was exposed should be considered in determining whether the kidnapping was in fact incidental to the other crimes charged. *State v. Johnson*, 549 S.W.2d 627 (Mo.App.1977); *People v. Daniels*, 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225 (Sup.Ct. en banc 1969); *People v. Levy*, 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d 842 (N.Y.Ct.App.1965).

■ Multiple charges are permissible if the defendant has in law and in fact committed separate crimes. *State v. Gorman*, 584 S.W.2d 420, 425 (Mo.App.1979). There is no question that the defendant moved the victim Bratcher as a means to facilitate the sexual acts upon her. Since this act however, was also calculated to detain her, and the isolation was complete before the sexual acts were committed, the fact she was transported only a very short distance and was held for a brief period of time does not render the kidnapping incidental. We find that once the sex offenses were completed, the defendant continued to threaten and detain the victims clearly increasing the risk of harm already present. *State v. Johnson*, 549 S.W.2d at 631. Point denied.

Defendant next contends the court erred in sustaining the State's objection to expert testimony concerning the effect of marijuana on the memory and sexual behavior of the victim because such evidence both tends to impeach a witness's credibility and is relevant to the issue of the victim's consent.

■ The admission or exclusion of expert testimony is a matter within the sound discretion of the trial court. *State v. Guyton*, 635 S.W.2d 353 (Mo.App.1982); *State v. Taylor*, 589 S.W.2d 302, 304 (Mo. banc 1979).

■ It is clear from the record that the trial court was correct in refusing to allow this expert testimony. The proposed expert had not examined the victims nor was there evidence that the marijuana had any material effect on the victims. We do not believe an expert may express an opinion on matters not observed by him and not put in evidence by other testimony. *State v. Johnson*, 504 S.W.2d 334, 336 (Mo.App. 1973). Defendant's counsel had ample opportunity to cross-examine the witnesses and determine their reaction to the marijuana. Clearly there was no substantial factual basis in the record to support the admission of the proposed expert's testimony as to the general effects of marijuana. *State v. Johnson*, 504 S.W.2d 334 at 336; *State v. Woolford*, 545 S.W.2d 367, 373 (Mo. App.1976). Point denied.

■ Defendant also complains he was not allowed to cross-examine the victim as to

the kind and amount of marijuana smoked. The admission or rejection of testimony is a matter left to the discretion of the trial court. *State v. Dunn,* 615 S.W.2d 543, 549 (Mo.App.1981).

Defendant's attempt to elicit this kind of testimony again is without a factual basis in the record. The victims testified as to the length of time they had been smoking, and defendant failed to cite any inconsistencies in the victims' testimony. The testimony was of no probative value and would have, in our opinion, detracted from the real issue in the case. As to defendant's proffered expert testimony concerning the effect of marijuana on the mind, we have already determined such testimony was properly denied since the expert had not examined the witnesses. *State v. Johnson,* 504 S.W.2d at 336.

Defendant's next point contending the trial court improperly commented on the evidence was not preserved for review. Specifically, defendant claims that when his counsel attempted to determine whether Bailey and Bratcher had been read their *Miranda* warnings, the judge commented that he was not under the impression that anything in the procedure provided for reading rights to people who are alleged complainants. Defendant failed to make a timely objection to this comment and thus deprived the court of an opportunity to correct any erroneous impressions which might have been left on the jury. It is insufficient for defendant to make the claim of prejudice for the first time in his motion for new trial. *State v. Nevills,* 530 S.W.2d 52 (Mo.App.1975); *State v. McCullough,* 411 S.W.2d 79, 81 (Mo.1967); *State v. Brown,* 524 S.W.2d 188, 189 (Mo.App.1975).

Furthermore, the judge's reference to the victims as the "alleged complainants", if error was not so prejudicial as to constitute manifest injustice or a miscarriage of justice that we are persuaded to review this as plain error. Rule 29.12(b) V.A.M.R. Point denied.

Defendant next contends the trial court erred in refusing to give an instruction for assault in the second degree in that the evidence supported the defense of justification. We find this point to be without merit.

Defendant argues that whenever the evidence supports the existence of a mitigating factor such as self-defense MAI–CR2d 1904.1 on second degree assault must be given. In an assault case the trial court is not required to submit an instruction on a lesser included offense where the facts in evidence are insufficient to arguably support such a submission. *State v. Brandon,* 606 S.W.2d 784, 786–87 (Mo.App.1980); *State v. Sturgell,* 530 S.W.2d 737, 739 (Mo. App.1975).

The fact that defendant testified one of the complainants had defendant's stereo in his car and that the defendant reported a burglary and fight does not justify the submission of an instruction on second degree assault where the evidence also indicates the defendant was the aggressor who forced the victims into his house, beat Steven Bailey and later sodomized and raped Kim Bratcher.

Furthermore, an instruction on justification was given. Defendant's complaint is that it also failed to instruct as to assault in the second degree. Even if the judge was required to so instruct the jury, we find no prejudice resulted because the jury did not find defendant had justification to commit an assault upon Steven Bailey. By finding there was no justification and finding him guilty of assault in the first degree any error because of the lack of such an instruction is harmless. *State v. Householder,* 637 S.W.2d 324, 328 (Mo.App.1982). We find defendant could not have been prejudiced.

In his final point defendant contends the trial court erred in refusing three of his instructions dealing with the issue of the victim's consent.[2]

---

2. In essence, Instruction D required the jury to find the defendant not guilty if they found defendant believed the victim consented.

Instruction A required the jury to find defendant guilty if they found defendant had sexual intercourse with the victim without her

Again, before an instruction may be submitted to the jury, there must be a basis for it in the evidence and it is not error to refuse to give an instruction that lacks evidentiary support. *State v. Moore,* 620 S.W.2d 56, 57 (Mo.App.1981). The record reveals no evidence concerning the defendant's alleged mistaken belief that Kim Bratcher had consented. In fact any such evidence would have to be inferred from the victim's testimony and would be tenuous at best. Moreover, the State did submit adequate converse instructions on rape and sodomy, and simply failed to submit them with mistake of fact as a defense. Since the evidence overwhelmingly supports the conclusion that Kim Bratcher did not consent, defendant's proffered instructions were without evidentiary support and properly denied.

Judgment affirmed.

SNYDER and GAERTNER, JJ., concur.

consent and that defendant did not believe the victim had consented.

Instruction B required the jury to find defendant guilty of sodomy if they found defendant had deviant sexual intercourse with the victim, that he did so without her consent, and that he did not believe the victim consented to the intercourse.