Steven Ray LINT, Appellant,

v.

STATE of Missouri, Respondent.

No. 53255.

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

J. Andrew Walker, Clayton, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Breck K. Burgess, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of first degree assault, rape, sodomy, kidnapping and exhibiting a deadly weapon. He was sentenced to twenty-five years for assault, twenty years for rape, to be served concurrently, ten years for sodomy, to be served consecutively, ten years for kidnapping, to be served concurrently, and two years for exhibiting a deadly weapon, to be served consecutively, for a total of thirty-seven years. Movant's convictions were affirmed in *State v. Lint,* 657 S.W.2d 722 (Mo.App. 1983).

Movant seeks to vacate his convictions on the basis of ineffective assistance of counsel. He alleges his counsel was ineffective in failing to call two witnesses to testify concerning his level of intoxication on the day of the crime. Movant contends this constituted abandonment of a viable defense, voluntary intoxication preventing the capability of forming the necessary intent to commit the crimes for which he was charged.

At the time of movant's trial, voluntary intoxication was a defense to specific intent crimes where it was shown to negate the intent. § 562.076.1(1), RSMo 1978; *State v. Gullett,* 606 S.W.2d 796, 803[1] (Mo.App. 1980). Movant's trial counsel testified at the evidentiary hearing that she chose not to call the two witnesses movant proposed for the intoxication defense after talking with them and discovering they were hostile to movant and, if called, would testify movant was often violent when intoxicated and was intoxicated and violent on the evening before the crime.

We have held "that strategic choices made by counsel with knowledge of the law, the facts and plausible options are 'virtually unchallengeable.'" *Id.* "[T]he right to counsel is the right to effective assistance of counsel, it is not the right to acquittal." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.banc 1987). Movant failed to overcome the presumption his counsel's trial strategy was sound. *Porter v. State,* 682 S.W.2d 16, 19 (Mo.App.1984).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.