**STATE of Missouri, Respondent,**

v.

**Richard James JOYNER, Appellant.**

**No. 38977.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Sept. 5, 1978.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles D. Sindel, Asst. Circuit Atty., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Richard James Joyner was charged by information with assault with intent to kill with malice, § 559.180 RSMo 1969, and with a prior conviction of a felony, § 556.280 RSMo 1969, and was found guilty by a jury and sentenced by the court to imprisonment for a term of 15 years. He appeals, and we affirm.

Appellant does not challenge the sufficiency of the evidence. A jury reasonably could find that early in the morning of July 17, 1975, appellant engaged in a physical encounter with Danny Crawford in a bar on Jefferson Street in the City of St. Louis, and that after the two left the bar, appellant shot Crawford in the right groin.

■ Appellant's first point is that the trial court erred in failing to give his requested alibi instruction. The trial court gave an alibi instruction in the form of MAI–CR 3.20, which in its first sentence provided as follows:

"One of the issues in this case is whether the defendant was present at the time and place the offense is alleged to have been committed."

Appellant contends that this is "vague and indefinite as to time and place" of the offense, and by the instruction he requested he proposed that in lieu of the words "at the time and place the offense is alleged to have been committed," the following be substituted: "on the 17th day of July, at approximately 1:00 a. m. in an alley west of Jefferson and north of Ann Avenue in the City of St. Louis, State of Missouri when Danny Crawford is alleged to have been shot with a gun."

Appellant admits that he engaged in a physical encounter with Crawford in Storey's Bar, but he denies that he was present outside the bar when Crawford was shot. He argues that it was essential that the jury was instructed that "the incident that they must concern themselves with was not the striking of Crawford inside of Storey's, but the shooting outside of Storey's in the adjacent alley."

We find no merit to this contention. Instruction No. 5, the verdict directing instruction which followed MAI–CR 6.22, submitted:

"If you find and believe from the evidence beyond a reasonable doubt: First, that on July 17, 1975 in the City of St. Louis, State of Missouri, the defendant shot Danny Crawford, and * * * ."

There was no evidence that a shooting occurred at the time of the altercation in the bar between appellant and Crawford. The only evidence of any shooting was that which occurred outside. The "time and place the offense is alleged to have been committed" was outside Storey's Bar where Crawford was shot. No jury composed of reasonably intelligent persons could have been caused to believe by the alibi instruction given by the court that even though they believed appellant was not present outside the bar when Crawford was shot, they were authorized to find him guilty of the charged offense if they believed that he previously engaged in an encounter with Crawford inside the bar.

Rule 20.02(c) provides that "Whenever there is an MAI–CR instruction * * *

applicable under the law to the facts, the MAI–CR instruction * * * shall be given * * * to the exclusion of any other on the same subject." We find that MAI–CR 3.20 was applicable, and that the court did not err in refusing appellant's requested instruction which purported to modify MAI–CR 3.20.

Appellant next asserts that plain error resulted within the meaning of Rule 27.-20(c) when the "State * * * suppress[ed] from evidence and the consideration of the jury, the pellet removed from witness Crawford and a holster found at the scene of the occurrence although both were in the sole custody and control of the State," and he further contends that it was error for the State not to produce said items pursuant to his request made under Rule 25.32(A)(9). Appellant seeks appellate review of this contention as plain error because he made no mention of the matter in his motion for new trial.

In a previous trial of this case a mistrial was declared because of misconduct of appellant's sister in attempting to intimidate a witness. In his brief appellant states: "The State * * * produced these items [the pellet and the holster] at the first trial but did not do so [at] the second." This is an admission that the existence and whereabouts of both items were known to appellant. In addition, it was brought out at trial that a holster was found by the police at the place of the shooting and that a bullet was removed from Crawford's body. Appellant made no objection to that testimony, he expressed no surprise, and he did not make any request that the items be made available to him. There was no suppression of evidence in the sense that the State had possession of the items but appellant did not know and was not told of their existence.

Also, there is nothing in the record to show that any request by appellant was made pursuant to Rule 25.32(A)(9). He asserts in his brief that "Standard Discovery Motions were filed by [him] pursuant to Rule 25.32(A)(9)," but the transcript does not contain any such motion, and if in fact such a motion was made there is nothing before us to indicate the ruling of the trial court.

Under these circumstances there is nothing before this court on which it could rule the contention if it had been preserved for appellate review, and certainly no basis to consider the matter as constituting plain error.

In his third and final point appellant asserts that the trial court erred "in failing to afford to [him] the right to compel the testimony of witness Storey who claimed his right against self-incrimination or in the alternative [to sustain his] motion to dismiss [the] information." He also asserts that the court "improperly failed to make the determination that the testimony asked of Storey would, in fact incriminate him as a matter of law * * *."

Storey was the bartender at Storey's Bar, and he witnessed the altercation between appellant and Crawford that occurred in the bar. He was subpoenaed by appellant, but after stating his name and address he refused to answer any questions on the basis that the answers would tend to incriminate him.

A recess was declared, and after a discussion between the court and counsel, appellant rested his case. We note that during the conference the court asked appellant's counsel if it was his "intention to undertake to require [the court] to make him answer," and counsel answered, "I don't think you can."

Appellant argues that "the trial court must conduct an inquiry of the witness to make the determination [whether his answer will tend to incriminate him] before it can either, allow him to invoke the privilege or compel him to answer the question." He relies primarily on a quotation from *Rogers v. United States*, 179 F.2d 559 (10th Cir. 1950), contained in *State ex rel. Lee v. Cavanaugh*, 419 S.W.2d 929, 934 (Mo.App. 1967), but appellant does not set forth the entire quotation from the *Rogers* case, which we shall do and italicize the part omitted by appellant.

" 'From an analysis of these cases, we conclude the rule to be that the witness is

not the sole judge as to whether his answer will tend to incriminate him; that when the question arises, it is for the court to determine from all the facts whether the question is of such a nature as might reasonably be expected to incriminate the witness, depending upon the answer thereto. *If there is reason to believe that the answer might tend to incriminate the witness, he cannot be compelled to answer; neither can he be required to state why the answer might tend to incriminate him, because that would in itself to some extent constitute giving testimony against himself. Furthermore, a witness may not be required to give an answer which furnishes a link in a chain which would enable the Government to obtain the facts showing his guilt of a crime. It is also clear, from all the cases, that a witness may not refuse to answer because his answer might tend to incriminate others.'* "

In the *Cavanaugh* case, at p. 935, quoting again from the *Rogers* case, it was said: " 'Under these circumstances she [the witness] alone [knew] whether her answer would incriminate her and she was not required to answer nor was she required to furnish any fact in explanation of her refusal to answer, which would give the Government a lead * * *' in determining whether or not she was guilty of a crime."

■ In an early case, *Ex parte Gauss*, 223 Mo. 277, 122 S.W. 741, 742 (1909), the Supreme Court of this State ruled that a trial court can compel testimony from a witness, in spite of the claim of the self-incrimination privilege, only "where the court can say, as a matter of law, that it is impossible that a witness would incriminate himself by answering a question one way or the other, * * *." See also *State v. Graham*, 527 S.W.2d 722 (Mo.App.1975). As noted, the court can not require the witness to state his reasons for invoking the privilege, *State ex rel. Lee v. Cavanaugh*, supra; *Brady v. Brady*, 71 S.W.2d 42 (Mo.App.1934); *Ex parte Arvin*, 232 Mo.App. 796, 112 S.W.2d 113 (1937), and Missouri has followed the rule that if the trial court can recognize any rational basis for the claim of the privilege

it cannot compel the witness to testify. *State v. Brooks*, 551 S.W.2d 634, 652 No. 30 (Mo.App.1977).

■ There was no request by the appellant that the court make an investigation before it determined whether the witness was entitled to invoke the privilege. In fact, the only relief requested was that "the information filed herein be dismissed." Although Storey was appellant's witness, after he claimed the privilege there was no further examination by appellant in an attempt to limit the examination to call only for answers which might not have been self-incriminating; for example, what the witness may have heard or seen.

Appellant advanced no argument to the trial court and advances none on this appeal as to why, in view of the total circumstances, the trial court could not reasonably find a rational basis for Storey to invoke the privilege. The court was not compelled to make, as appellant contends, an affirmative "determination that the testimony * * * would, in fact incriminate him as a matter of law * * *."

We find no error in the action of the trial court.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.