STATE of Missouri, Respondent,

v.

Ronald LANDERS, Appellant.

No. 41333.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1980.

Henry Thomas, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

The defendant was convicted by a jury of manslaughter and carrying a concealed weapon. Concurrent sentences of eight and three years respectively were assessed by the jury. We affirm.

On April 14, 1978, the defendant entered the Landmark Lounge located in the City of

St. Louis. He had a short discussion at the bar with the decedent James Jackson. Thereafter, the two men left together. Immediately outside, the defendant shot Jackson twice. He then came back inside the lounge, picked up his coat, and left the vicinity. Jackson died two days later from his gunshot wounds.

The defendant contends that the trial court improperly restricted his cross-examination of a state's witness, Officer Becker, with respect to an alleged "prior inconsistent statement" of another witness for the state, Davis. Davis, a disc jockey employed by the Landmark Lounge, testified that he saw the discussion at the bar between the defendant and the decedent. He saw them leave the bar together, heard someone say that there had been a shooting, and then saw Jackson collapse outside the front door of the lounge. Davis further testified that he saw the defendant come back into the lounge after the shooting to pick up his coat. Davis was extensively cross-examined by the defendant's counsel as to whether or not he told the police shortly after the incident that he saw the defendant return to the lounge after the shooting.

■ Following the testimony of Davis, Officer Becker testified that he arrived at the Landmark Lounge and found Jackson lying in front of the door. Becker also testified that he prepared the police report. Part of the report was based on first hand knowledge and part was based on information supplied by the four other investigating officers. Defendant's counsel attempted to elicit from Becker portions of the police report containing the alleged prior inconsistent statements of Davis. The trial court refused to admit those portions of the report because they were hearsay. Officer Becker could not recall whether or not he had personally taken those statements from Davis.

The trial court did not abuse its discretion by refusing to allow Officer Becker to testify as to the contents of the police report. Becker could not recall whether the statements in the report attributed to Davis were based on his own personal knowledge or supplied to him by one of the other investigating officers. Under these circumstances, the report was inadmissible hearsay. *Duncan v. State,* 520 S.W.2d 123, 125 (Mo.App.1975).

■ The defendant also contends that the trial court improperly commented on the evidence before the jury. He charges that the court committed reversible error by stating "[y]ou have the right to ask the question and I think its obvious what the answer is to—." The statement was made during defense counsel's cross-examination of Davis:

Q. [by defendant's counsel] . . . Mr. Davis have you had a chance to talk with the prosecuting attorney today?

A. Yes.

Q. And did you all talk about this case?

MR. RIVETTA: Your Honor, we obviously talked about the case. Any lawyer prepares his witnesses. This is absolutely absurd.

THE COURT: You have the right to ask the question and I think it's obvious what the answer is to—

MR. THOMAS: Well, Judge, I would appreciate the Court not making comments on the evidence and I would object to that at this particular point—

THE COURT: All right.

MR. THOMAS: —as to whether it's going to be obvious or not.

THE COURT: Your objection is overruled. You may proceed.

The proper test is to determine whether or not the remarks could have prejudiced the minds of the jury against the defendant. We find that the remarks were not prejudicial. The court was merely attempting to discourage efforts to raise unsupported implications of improper conduct on the part of the prosecuting attorney. The remarks did not reflect adversely upon the defendant or his counsel. There was no error in this exchange. *State v. Woodward,* 587 S.W.2d 287, 290–91 (Mo.App.1979).

The defendant's final contention is that he was prejudiced by the following statement of the trial court: "The Court agrees. Every bit of evidence doesn't have to include all the evidence that it could include. He indicates that there are two matters that he could come to conclusions upon, it is of the same caliber and that it has the same manufacturer's markings which are the lans and grooves and for that reason alone—." This statement followed an exchange before the jury between the prosecutor and defense counsel as to the admissibility of expert testimony regarding a comparison of the fatal bullet and the gun seized from the defendant.

The statement was an explanation of the court's reason for admitting the evidence over the defendant's objections. This was entirely proper and did not result in prejudicial error. *State v. Neal*, 476 S.W.2d 547, 550 (Mo.banc 1972).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.