STATE of Missouri, Respondent,

v.

Marvin RODDY, Appellant.

No. 41625.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 26, 1980.

Robert C. Babione, Public Defender, Nick Zotos, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury of the offense of operating a motor vehicle without the consent of its owner. He was sentenced by the court under the Second Offender Act to serve a term of five years in the Department of Corrections. On appeal, the defendant contends the trial judge improperly interjected himself into the trial by suggesting to the prosecuting attorney that he ask the witness another question.

Prior to the incident complained of, the arresting officer testified that on November 29, 1978, shortly after midnight, he and another officer on patrol noticed a car pull into a vacant lot. They proceeded to the lot and noticed the defendant "just getting out of the car." There was a female passenger in the car. They ran a radio check of the license plate number and it indicated that the car had been reported stolen. The officers placed the defendant and his female companion under arrest.

After the arresting officer had been examined on direct, cross, redirect, and recross examination, the trial judge asked both attorneys to come to the bench. The following exchange took place:

The Court: Did you ask this man (the arresting officer) when the car turned into the lot whether he saw who was driving it?

[Prosecuting Attorney]: No.

The Court: Are you going to ask him that?

[Prosecuting Attorney]: I will ask him that. I was going to ask him that next. I am going to ask him that.

The prosecuting attorney then asked the officer whether he could see who was driving the car and the officer identified the defendant.

The defendant here contends that the trial judge abandoned his impartiality by suggesting a further question be asked, and that therefore defendant was denied the right to a fair trial. We do not agree.

Initially, we note that the defendant failed to object at trial to the suggestion made by the court and therefore did not properly preserve this point for review. *See State v. Nevills*, 530 S.W.2d 52, 54 (Mo. App.1975). Nevertheless, we find no error in the court's comments.

■ Unquestionably, it is the duty of the trial judge to maintain an "impartial attitude in his conduct and demeanor and a status of neutrality." *State v. Johnson*, 454 S.W.2d 27, 30 (Mo.1970) *quoting* 88 C.J.S. Trial § 51, p. 137. In fulfilling this duty, however, the court can ask questions which seek to "develop more fully the truth and to clarify the testimony already given." *State v. Cain*, 485 S.W.2d 60, 62 (Mo.1972). Ordinarily, the trial judge can make suggestions to the parties or counsel relating to procedure in the action such as calling attention to defects in the evidence. *State v. Johnson*, 454 S.W.2d at 30, *citing* 88 C.J.S. Trial § 49, p. 132.

■ Prior to the court's comments, evidence had been presented identifying the defendant as the driver of the car, but there appeared to the court to be some confusion in the arresting officer's testimony as to whether or not he saw defendant driving the car. The trial judge was attempting to have the witness' testimony clarified.

Here, unlike the situation in *State v. Haddix*, 566 S.W.2d 266, 273 (Mo.App.1978), the suggestion complained of was made outside the hearing of the jury, so no claim can be made that the jury was given an impression that the judge was biased in favor of the state.

In *State v. Preston*, 583 S.W.2d 577 (Mo. App.1979), the court said about a similar situation:

[I]t would have been proper for the trial court to have clarified the testimony of the witness by questioning the witness himself. Here the court's comment was outside the hearing of the jury and in the presence of counsel for both sides. The propriety of the court's conduct is even less subject to question.

*Id.* at 584.

We find no error on the part of the trial court.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.