STATE of Missouri, Respondent,

v.

Daniel E. JONES, Appellant.

No. WD 32269.

Missouri Court of Appeals,
Western District.

Jan. 19, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 23, 1982.

James W. Fletcher, Public Defender and Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and Melinda Corbin, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C. J., Presiding, and WASSERSTROM and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Daniel Jones, defendant-appellant was convicted of kidnapping, first degree robbery and first degree assault in Jackson County. The jury assessed punishment and the court sentenced him to five years for kidnapping to run concurrently with ten years for robbery, both to run consecutively with a ten year sentence imposed for assault, for a total of 20 years imprisonment.

Defendant does not challenge the sufficiency of the evidence. The jury could reasonably find from the evidence the facts hereinafter listed.

At 9:00 o'clock in the evening on February 24, 1980, the victim, Mr. Lacy, was in his automobile waiting at a red light at 31st and Paseo in Kansas City, Missouri. Three men, including defendant, jumped into his car, one ordering Mr. Lacy to get in the back seat, which he did. While defendant took over as driver one of the men held a gun to the victim's ribs. The gunman asked the victim to hand over his billfold, which he did, and it was handed to defendant. After driving several blocks the victim was told he was going to be put in the trunk. The car was stopped, whereupon the victim jumped out of the car, slammed the door on the gunman's leg, and began running. While the victim was running away, two shots were fired, one of which hit the victim in the shoulder. Defendant and the other two robbers drove away in the victim's car.

The victim testified that he had eight keys on a metal key ring in the car at the time of the robbery and the taking of his car. Within a half hour the victim's car was located by the Kansas City Police, parked, with the motor running and with the victim's billfold in the front seat. Approximately 100 yards away the police saw defendant lying flat on his stomach. Several more officers arrived on the scene and defendant was arrested and searched. He was found to have seven keys on a ring and several loose keys. The ring of keys was later identified by the victim as being his. The victim testified that he later found the eighth key, the ignition key, in the automobile at the police tow lot. The loose keys were not taken from appellant. Later that evening defendant was identified by the victim in a police line-up procedure. The next day, defendant was taken to the Jackson County Jail where an inventory search found him to have six keys on a metal ring.

The crux of defendant's appeal is that he was prejudiced by the trial judge, who, on his own initiative, kept defendant's attorney from stating in closing argument that the police had "planted" the victim's keys on appellant.[1] Defendant's second point

---

1. "DEFENDANT'S ATTORNEY: Mr. Severenuk, [arresting officer] you will recall, testified he was very hesitant to admit the fact that he had talked with Mr. Hall [assistant prosecuting attorney]. He said, 'We may have. We possibly may have got together and talked about his testimony in the case.' But I submit to you that he did talk to Mr. Hall and learn that these six keys were found in Mr. Jones property and we attempted to bring these keys in here to show you that these were the keys that were found on Mr. Jones' person and not the keys that they claim to be found. I'm not going to tell you that Mr. Lacy is lying about getting his keys back. He is the victim in this case but the police officers have reason to lie."

"We have heard about, during the voir dire, you've heard incidents that occur."

"PROSECUTOR: I object to that as being improper and outside of the scope of the evidence and ask the jury be instructed to disregard that and counsel told to keep within the evidence."

"THE COURT: The jury has been instructed that it's their responsibility to determine the credibility and believability of any witness and they have been given guidelines as to that."

"Counsel, please confine your remarks to the evidence."

"You may proceed."

"DEFENDANT'S ATTORNEY: Yes, sir."

"Ladies and gentlemen, use your common sense. You know that they want to plan[t] something on you. They want to convict you of an offense, all the officers have to do is come in and change the testimony and you've seen that done."

"Now, Mr. Lacy—"

"THE COURT: Mr. Brown, will you step forward, please."

(WHEREUPON, the following proceedings were had in the presence BUT OUTSIDE THE HEARING of the jury).

"THE COURT: I'll grant permissible argument but I don't think there's any evidence whatever, in this case that anybody planted

states that by stopping him from arguing this point, the judge breached his impartiality and left the impression with the jury that he had sided with the prosecutor.

One day prior to trial, defendant filed a motion to suppress the police line-up identification as well as introduction of the victim's keys. After first being ruled untimely, the motions were then heard and denied. In his motion for new trial, defendant cited as error the court's not allowing him to argue that the police conspired against him when they testified that the keys were found on him. It did not mention the issue of the appearance of impartiality of the judge.

The judgments of conviction are affirmed.

With regard to his first point, defendant stresses that there was conflicting evidence about the keys: the paddywagon officer stated that defendant had one ring of seven keys and several loose keys; one arresting officer stated that he believed defendant had two rings of keys, but was not positive; another officer testified that she did not know how many keys were on the ring; and the admitting officer at the jail testified that defendant had one ring of six keys. Defendant argues that it could reasonably be inferred that when the car was abandoned the whole ring of keys was in the car, and that in order to strengthen the case against defendant, the police said they found them on him. Although his motion to suppress any evidence of the keys was unsuccessful, appellant's attorney extensively cross-examined all the state's witnesses with regard to the discrepancy.

■ Defense counsel is permitted wide latitude to argue all reasonable inferences from the evidence which most strongly favor his client. *State v. Dickson*, 596 S.W.2d

482, 485 (Mo.App.1980). Further, the trial court has wide discretion in determining the scope of the argument to the jury, and unless an abuse of discretion is demonstrated to the prejudice of the defendant, the case will not be reversed. *State v. Reynolds*, 608 S.W.2d 422, 426 (Mo.1980); *State v. Wood*, 596 S.W.2d 394, 403 (Mo. banc 1980). In *State v. Hendrix*, 520 S.W.2d 701, 705 (Mo.App.1975), a gun stolen ·from the victim was found near the place where the defendant was arrested. The prosecutor stated that the jury either had to believe the defendant was guilty or that the police planted the gun at the site of the defendant's arrest. Objection to this line of argument was overruled, after which the prosecutor repeated his argument that the jury would have to believe the police had planted the gun in order to find for the defendant. The court ruled that the argument was based on the evidence.

■ In the instant case, defense counsel did not couch his argument in terms of the jury believing that the keys were either "planted" by the police or that his client was not guilty, but simply stated that the police had reason to lie and that they wanted a conviction so bad they would plant the keys on defendant. The fact that there were discrepancies regarding how many keys were found on defendant is not evidence from which one could reasonably infer such bold charges of wrongdoing on the part of the police. The testimony was clear that the keys were found on defendant's person. In any case, there still must be a showing of prejudice to warrant reversal. *State v. Wood, supra.* Defendant claims the error here is prejudicial because of possible misidentification of defendant by the victim. This ignores the fact that defendant was identified by the victim without

any evidence and I think that's beyond the scope of permissible argument."

"DEFENDANT'S ATTORNEY: Your Honor, I can argue that reasonable inferences that they come in and change the testimony about the way they found him and they have denied finding these keys on him and the ones in the property and—"

"THE COURT: I'll let you argue any reasonable inferences from the evidence but I don't think there's any evidence whatever in this case from which can be reasonably inferred that anybody planted any evidence or any keys on this defendant."

"Now, let's keep it within the bonds of permissible argument."

"DEFENDANT'S ATTORNEY: Okay."

any equivocation. This alone is enough evidence to sustain a conviction. *State v. Wood*, 613 S.W.2d 898, 900 (Mo.App.1981). Moreover, the trial court ruled adversely on defendant's motion to suppres the identification, and defendant has not contested that ruling in his points of error. The argument of erroneous identification has not been preserved and cannot be relied upon now through argument in defendant's brief.

Defendant's second point is without merit and has not been properly preserved for appeal. Defendant made no objection to the judge's comments when asked to approach the bench and this allegation was not mentioned in his motion for new trial. *State v. Nevills*, 530 S.W.2d 52, 54 (Mo.App.1975). In any event, the issue of impartiality is not well taken, as the comments of the judge were made out of the hearing of the jury and could not have conveyed a non-neutral position to the jury. *State v. Newberry*, 605 S.W.2d 117, 124 (Mo.1980); *State v. Roddy*, 604 S.W.2d 32, 33 (Mo.App.1980). The trial court's conduct did not prejudice the minds of the jury and did not deprive defendant of a fair and impartial trial. *State v. Puckett*, 611 S.W.2d 242, 244 (Mo.App.1980). Nor does the record indicate that a manifest injustice or miscarriage of justice has resulted. Rule 29.12(b).

Judgment affirmed.

All concur.