STATE of Missouri, Respondent,

v.

Clay Otis SYKES, Appellant.

No. 62783.

Supreme Court of Missouri,
Division No. 1.

March 9, 1982.

James W. Fletcher, Kansas City, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

DORMAN L. STEELMAN, Special Judge.

This is a direct appeal from a jury conviction on two counts of robbery first degree, Section 569.020, RSMo. 1978, with sentences of life imprisonment on each count to run concurrently. This court has jurisdiction pursuant to Mo.Const. art. V, Section 3.

The sufficiency of the evidence is not challenged, thus permitting a brief summary of pertinent facts to suffice for purposes of disposition of this appeal.

The record reveals that the following facts, if believed, would support the jury's verdict. At about 2:30 a. m. on May 27, 1980, two armed men, faces covered with ski masks, one with a shotgun and the other armed with a handgun, held up two employees of Church's Fried Chicken as they were locking up for the night. One of the men wore surgical gloves. A third employee was being picked up by her mother who observed the two armed men and sped away in her car to call the police. The men walked the employees to the back of the store, took one handbag with $55.00, and made the men lie on the ground. A passerby was captured and made to lie down with the two employees. The men were threatened, the robbers talked about "wasting" one of them, a gun was aimed at one of them and the trigger was pulled, and one employee was forced to enter the store to open the safe. While in the store, the police arrived and the man with the shotgun who had been standing guard over the two outside on the ground ran away. The employee inside the store started to pull his own gun on the robber when the police arrived and he ran out to the police car leaving one robber, Clay Otis Sykes, inside. For about thirty minutes the police and the employee watched Sykes walk back and

forth under the store's overhead lights. He took his mask off and his face was seen by the observers. One officer spotted a man on the roof of the store and Sykes was apprehended. He had gone through a ceiling vent and a ventilation grille. At 8:30 a. m., the police were called back to the store when a handgun and surgical gloves were discovered in a chicken processing vat. Sykes testified that he was on the roof to enter the store to steal chickens and that he was a witness to the robbery.

Three points of alleged error are raised and briefed by appellant. The first one concerns the statements of the court during an argument for an evidentiary hearing on a Motion to Suppress Tangible Evidence out of the hearing of the jury. The comments of the trial court of which appellant complains were as follows:

"I guess what I'm really saying is we have gone through one charade here on a pre-trial motion that you filed, which was totally frivolous. This is something that is normally handled in the normal course of events and I don't see the need to have a pre-trial hearing on it".

Appellant's counsel answered that the motions were filed in good faith and that the appellant himself did not feel they were frivolous. The court responded that appellant was not a lawyer, that

"[Y]ou are the lawyer, and you are the one that has filed the motions, and I listened to the evidence and there wasn't anything at all to the Motion to Suppress the pre-trial identification, nothing. There was no substance to it at all, and now you come up with this motion that, on its face, appears to be of the same kind. It just seems to me that if the evidence is there and they can prove it, fine, and you have a right to disprove it. You have a right to cross-examine and show the discrepancies. But it's a question—it appears to me to be an issue, assuming what Mr. Bell says is going to come into evidence, we can't have a pre-trial hearing on everything, and this doesn't seem to be an appropriate one. The only thing I can see is that if there is a gun involved, that a gun can inflame jurors and that if we got the gun out in front of the jury and the gun never got hooked up with the defendant, we could have a little problem there. I am then faced with a decision, I am sure you would make a motion for a mistrial, and then I am faced with that decision. But I am willing to run that risk because we can't have—

Mr. Bell: Well, I know for a fact that the gun will be tied into this crime".

Appellant contends that the above remarks by the court were demeaning to appellant's counsel precluding argument on appellant's Motion to Suppress Tangible Evidence. He argues that in those instances where the trial court expresses an opinion, it should avoid any indication of feeling against the defendant. He concedes that if that opinion were negative but outside the presence of the jury, as in this case, there may not be an abuse of discretion. He alleges, however, that the trial court's remarks carried over into the trial itself, to the prejudice of appellant.

While there is error, if the judge intermeddles or otherwise exhibits a manner prejudicial to the accused, an objection must be made or the error will be considered waived, unless the effect is so prejudicial that it cannot be removed. *State v. Lewis*, 559 S.W.2d 584, 586 (Mo.App.1977). In the instant case, the comments of the court went unchallenged by the defendant at the trial. He also failed to include this allegation of error in his motion for a new trial. We, therefore, need only consider whether the prejudicial impact of the comments was so grievous as to have resulted in manifest denial of a fair trial to defendant constituting plain error.

The trial court must at all times maintain a position of absolute impartiality and neutrality and should avoid any conduct which might be construed as indicating a belief on the part of the judge as to the guilt of the defendant. *State v. Tate*, 468 S.W.2d 646, 648 (Mo.1971); *State v. Hurd*, 550 S.W.2d 804, 806 (Mo.App.1977). The proper test is to determine whether re-

marks made by a trial judge in a criminal prosecution could have prejudiced the minds of the jury against the defendant, *State v. Landers*, 596 S.W.2d 487, 488 (Mo.App. 1980).

■ In no way did the trial court's remarks indicate a predisposition on the part of the court that the defendant was guilty. But even if it is assumed that the court's remarks were demeaning and prejudicial, appellant admits that they were made outside the presence of the jury. His theory is that the remarks carried over into the trial itself to the prejudice of appellant. But he cites no authority, nor did we discover any, which supports that proposition. In fact the cases say just the opposite. In *State v. Newberry*, 605 S.W.2d 117, 124 (Mo.1980) the court in considering the question of whether the trial court's remarks denied the defendant a fair and impartial trial stated: "a trial court's remarks or suggestions outside the presence of the jury do not have such effect". In this case, the remarks outside the presence of the jury could hardly have conveyed to the jury any impression regarding the trial court's ruling and the incident did not affect the defendant's right to a fair trial. See also *State v. Roddy*, 604 S.W.2d 32, 33–34 (Mo.App.1980). Finding no error, appellant's first point is ruled against him.

■ Appellant's second assignment of error involves the state's alleged failure to provide him discovery of a handgun. Appellant argues that because of the state's failure to disclose the handgun the trial court erred in overruling his Motion in Limine (made during trial), and objections relative to the admission of said handgun into evidence. Appellant, in the argument portion of his brief also made a general reference to the state's failure to make disclosure of other tangible items. However, the items were not set forth in his points relied on and the thrust of his argument concerns the handgun. Therefore, we find that appellant has abandoned his claim of error concerning the other tangible items. Rule 30.06(a), (d) and (e).

■ The first question is whether the state did in fact fail to provide defendant discovery to the handgun. Appellant does not specify in his brief how the state failed to disclose the handgun. The record, supplemented by respondent with leave of this Court, reveals that appellant had access to and saw a police report dated May 27, 1980, which contained references to the fact that the state had discovered a handgun; also that appellant filed request for discovery June 26, 1980, pursuant to Rule 25.03. The trial transcript indicates that appellant saw the police report which contained references to the handgun months before trial. The state can be condemned for nondisclosure of physical evidence if the facts indicate the state had possession of the items unknown to the defense and did not disclose the items, not if the defense has knowledge of the items. *State v. Joyner*, 571 S.W.2d 776, 778 (Mo.App., St.L.D.1978).

■ Even if it is assumed for the purposes of argument that the state failed to comply with appellant's request for disclosure, it is beyond debate that the question of remedies for violation of the discovery rules lies within the sound discretion of the trial court. *State v. Royal*, 610 S.W.2d 946, 951 (Mo. banc 1981): *State v. Gaskin*, 618 S.W.2d 620, 624 (Mo.1981). Basically the question is whether the state's failure to provide discovery resulted in fundamental unfairness or prejudice to the substantial rights of the appellant. *State v. Davis*, 556 S.W.2d 45, 48 (Mo. banc 1977).

■ Although discovery process in criminal proceedings is not compelled by either federal or state constitutional requirements, the basic object of such process, insofar as a defendant is concerned, is to permit defendant a decent opportunity to prepare in advance of trial and avoid surprise, thus, extending to him fundamental fairness which the adversary system aims to provide. *State v. Johnson*, 524 S.W.2d 97, 101 (Mo. banc 1975). However, appellant does not allege, nor does the record reveal that he was surprised by the state's introduction of the gun into evidence. He merely makes the conclusionary statement that

he was denied a fair trial because of the state's failure to provide discovery. Where the defendant has prior knowledge of the state's possession of evidence, as did appellant in this case so as not to have been surprised by its introduction there is no abuse of discretion.

Over four months elapsed from the time appellant filed his request for discovery until trial, yet he sought no orders requiring disclosure or other affirmative relief concerning the handgun. Appellant appears content to proceed with trial, object to the admission of the handgun when offered in evidence, and if overruled, claim error in the event of an unfavorable verdict. Such oversight or trial strategy should not serve as a basis for reversal. We are also mindful as stated in *State v. Degraffenreid*, 477 S.W.2d 57, 65 (Mo. banc 1972), "that error which in a close case might call for reversal may be disregarded as harmless when the evidence of guilt is strong." Because the evidence of guilt was strong and the record shows appellant had notice of the handgun months prior to trial, we find against appellant on this assignment of error.

Appellant's final point is that the court erred in permitting the state to reopen the case at the close of all the evidence for the purpose of proving venue after appellant's motion for acquittal had been overruled. Appellant argues that in doing so the trial court erred because the evidence presented was not in rebuttal. Three sentences were required from one witness to establish that the crimes had occurred in Jackson County. The offenses for which appellant was convicted were committed at 5500 Prospect, Kansas City, Jackson County, Missouri. Several witnesses who testified for the state's case in chief identified the location as 5500 Prospect.

The trial court has broad discretion in permitting the state to reopen its case. *State v. Guelker*, 548 S.W.2d 521 (Mo. banc 1976), cert. denied, 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260, rehearing denied, 434 U.S. 882, 98 S.Ct. 248, 54 L.Ed.2d 167 (1977). In exercising its discretion, the trial court will consider whether the newly admitted evidence will surprise the defendant, whether defendant has adequate opportunity to meet the proof and whether the order of proof will prejudice the defendant. We find under the facts there was no surprise or prejudice to the appellant.

The judgment is affirmed.

MORGAN, P. J., BARDGETT and RENDLEN, JJ., and BARNES and SLOAN, Special Judges, concur.