**STATE of Missouri, Respondent,**

v.

**Mary THOMPSON, Appellant.**

No. 48291.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 23, 1985.

William J. Shaw, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The essence of this stealing case is that after defendant had ordered a dealer to repair her car it disappeared, that she delivered it to a cohort and then collected on her theft insurance.

The state charged and a jury found defendant guilty of stealing. § 570.030 RSMo. The trial court sentenced defendant as a persistent offender to five years in prison.

Here defendant first contends the court erred in permitting the state to examine its own witness about a false statement he had originally made to police. Second, defendant claims the court erred in allowing the state without timely notice to introduce a mechanic's work order allegedly made at defendant's request.

■ State's witness Riggins testified defendant brought the car to his residence in Illinois. When first questioned by police he falsely told them he knew nothing about the car. Then he "told them the truth": that defendant told him she wanted him to get rid of the car and gave it to him; then she told him it had been insured.

Here defendant contends the court erred in allowing the state to question its own witness Riggins on his two conflicting statements about whether he knew defendant was trying to conceal the fact she knew the car had not been stolen. Here defendant contends this deprived her counsel of the opportunity to show the inconsistenty of Riggins' first and second statements to police.

On this point defendant first cites *State v. Cox*, 542 S.W.2d 40[5, 6] (Mo.App.1976). That case concerned a witness who on cross-examination raised doubts about her direct testimony. The trial court then properly allowed the state to rehabilitate the witness. The case is clearly not in point here. Neither is defendant's other citation, *State v. Williams*, 602 S.W.2d 209[5, 6] (Mo.App.1980).

On this point defendant frankly cites *State v. Reilly*, 674 S.W.2d 530[6, 7] (Mo. banc 1984) tersely holding: "The prosecution may anticipate possible bases for impeachment and expose inconsistencies on direct examination." To the same effect see *State v. Spinks*, 629 S.W.2d 499[3–7] (Mo.App.1981).

■ We deny defendant's first challenge and consider his further point the trial court erred in admitting documentary evidence of repairs ordered for defendant's car. This on the ground of inadequate notice to defendant. The prosecutor told

the trial court this document first came to his attention on Friday before the Monday trial and he had notified defense counsel before the jury was sworn. The factual content of the now challenged repair order was testified to directly by personnel of the repair company and was part of the police report previously given defense counsel.

As ruled in *State v. Sykes*, 628 S.W.2d 653[8, 9] (Mo.Sup.1982), remedies for alleged discovery rule violations lie within the trial court's sound discretion. We find here no abuse of that discretion.

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.