**Robert R. BEAL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

No. 27563.

Missouri Court of Appeals, Southern District, Division One.

Dec. 27, 2006.

Margaret M. Johnston, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Robert Beal ("Movant") was convicted of second-degree murder and armed criminal action for the death of Zandon Maddix ("Victim"). The conviction was affirmed by this Court in a memorandum opinion. On appeal, Movant claimed trial court error in the refusal of a self-defense instruction. In this Rule 29.15 motion,[1] Movant now claims trial counsel was ineffective for failing to ask that the evidence be reopened after the trial court refused his self-defense instruction and for failing to adequately advise him that his testimony was needed to obtain a self-defense instruction. We find no error and affirm the denial of his Rule 29.15 motion.

The facts, in the light most favorable to the verdict, are that Movant, armed with a knife, walked to a car in which Victim was sitting and verbally threatened Victim by using a racial epithet. He continued his assault of Victim by leaning into the car toward Victim. Victim backed himself against the driver's side of the car and began kicking Movant to push him out of the car. It is at this point that Movant began to repeatedly stab Victim, severing the femoral artery. Victim and his friends tried to leave but Movant punctured the tire of the car, causing a flat tire. Without any medical care, Victim bled to death. Movant did not testify at the trial. The trial court refused a self-defense instruction and this Court affirmed that denial.

On appeal, Movant contends that a self-defense instruction would have been given had he testified. He further claims he would have testified had his counsel warned him that a self-defense instruction would not have been given absent his testimony. He claims he could have put forth self-defense by his testimony that Movant stabbed Victim after Movant was overcome by Victim's friends, knocked to the ground and repeatedly kicked. Movant argues that the group was the initial aggressor and he defended himself with his knife until a friend of his ultimately intervened on his behalf and his counsel should have realized that the self-defense instruction would be denied without Movant's testimony and so informed Movant.

The trial court found:

Counsel was not ineffective in failing "to tell Movant that if he did not take the stand at trial, the jury would not be given any instruction allowing it to acquit Movant on the basis of self-defense." The self-defense instruction was not denied due to the failure of Movant to testify. Movant did present evidence and the State's witnesses were cross-

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise specified.

examined as to self-defense issues. Movant changed his mind and decided NOT to testify in his own defense. This is his right. Trial counsel, an attorney very experienced in criminal law, believed there was sufficient evidence to support a self-defense instruction, even without Movant's testimony. Since it is not ever a requirement that a defendant testify in order to get a self-defense instruction, defense counsel was not ineffective for failing to give Movant the advise [sic] that he must.

We review that finding and conclusion to determine whether it was clearly erroneous. Rule 29.15(k); *Cook v. State*, 136 S.W.3d 879, 881 (Mo.App. S.D.2004). The motion court's findings and conclusions are deemed clearly erroneous if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Id.* We are not left with such an impression.

Movant's trial counsel testified that he did not believe Movant's testimony was necessary to ensure that the jury would be instructed on self-defense, but he did urge Movant to testify. We do note that Movant is claiming that his counsel failed to warn him about the consequence of not testifying; he is not claiming that his counsel affirmatively told him that he would receive the self-defense instruction even if he did not testify. Counsel believed there was sufficient evidence at the trial without Movant's testimony to support the giving of a self-defense instruction. We note that Movant did put forth evidence of a witness at the scene; however, the witness did not provide sufficient evidence to support Movant's claim of self-defense.

■ There is no requirement that a defendant testify in order for a self-defense instruction to be given. The instruction is required if there is substantial evidence of self-defense even when the de-

fendant does not testify or otherwise offer any evidence at trial. *See State v. Randolph*, 496 S.W.2d 257, 262 (Mo. banc 1973) (holding that an instruction on inconsistent defenses was justified where defendant offered no evidence, but State offered defendant's confession which contained elements of both self-defense and excusable homicide by accidental shooting); *State v. Westfall*, 75 S.W.3d 278, 281 (Mo. banc 2002) (holding that a self-defense instruction must be given if substantial evidence is adduced to support it, even when that evidence is inconsistent with defendant's testimony). The self-defense instruction is required when there is some evidence of self-defense, even if that evidence is presented by the State and is inconsistent with the defendant's trial testimony. *State v. Avery*, 120 S.W.3d 196, 200–01 (Mo. banc 2003).

The fact that Movant may have provided evidence at the trial that supported the giving of a self-defense instruction does not make trial counsel ineffective for not persuading Movant to testify. It was Movant's choice whether to testify or not. He had an absolute right not to testify. Movant's counsel testified that he planned on having Movant testify at trial but, at the last minute, Movant changed his mind and refused to take the stand. Movant, who was noticeably nervous, told counsel that he was sick, that if he testified he would only get sicker and he just could not do it. Movant admitted that he did not want to testify even though his counsel urged him to do so; in hindsight, he claims he would have testified had his counsel informed him that the instruction on self-defense would not be given absent his testimony. Movant testified at the motion hearing that had he known his testimony was critical to the self-defense instruction, he "probably" would have testified. The motion court was free to disregard Mov-

ant's testimony concerning what he might have done. It is certainly conceivable that Movant could have harmed his case by testifying. We note that though Movant was convicted of second-degree murder, he was charged with first-degree murder. Movant faced a huge risk by testifying.

The reasonableness of counsel's actions must be viewed as of the time counsel's conduct occurred, taking into consideration the circumstances of the particular case. *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We find no error in the trial court's conclusion that trial counsel's actions were reasonable and not outside the wide range of professionally competent assistance. The point is denied.

■ Movant also posits trial counsel incompetence for the failure of trial counsel to request that the evidence be reopened after Movant's self-defense instruction was refused. Movant argues that after both sides had rested and the instruction conference had concluded, his trial counsel should have requested that the evidence be reopened in order for Movant to testify. To accept this reasoning, Movant assumes that trial counsel would have been more persuasive in his efforts to have Movant testify if the case were reopened.

Again, trial counsel will not be deemed ineffective in failing to request that the evidence be reopened unless his actions are outside the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Trial counsel had fifteen years of experience as a public defender and tried over forty jury trials, including four murder trials; he had never heard of such a motion being made in this type of situation, nor do any of the cases cited by Movant support Movant's claim that competent counsel would have made such a request. Although it is true that the trial court has wide discretion in deciding whether to reopen the evidence, it does not follow that Movant's trial counsel, by failing to request the court to reopen the evidence, did "not know that the evidence could be reopened."

The trial court found:

2. Counsel was not ineffective for failing to make a motion to reopen the evidence after the self-defense instruction was refused. There is no procedure in the Supreme Court Rules to allow reopening of the evidence. There is no showing of accepted practice of making such a motion. Indeed, in trial counsel's extensive experience in the criminal field, he had never heard of the Court allowing such reopening of the evidence. Counsel cannot be faulted for failing to make a motion to alter the procedure of a criminal jury trial as set forth in the Supreme Court's approved instructions. It is fundamentally unfair to allow a party who loses an argument for a particular instruction to demand that evidence be reopened. Nevertheless, there have been instances in which a trial court has allowed a party to reopen the evidence after the close of evidence has been announced. Movant offers *State v. Sykes*, 628 S.W.2d 653 (Mo.1982) in support of his claim that defense counsel was ineffective. In *Sykes*, the State was allowed to reopen the evidence briefly after the Motion for Acquittal at the End of All the Evidence was denied. The State presented additional evidence that "5500 Prospect" was located in Jackson County, Missouri. It is cited most frequently in situations of alleged discovery or disclosure violations, occasionally for judicial comments and the exercise of judicial discretion. NEVER (in a review of *Sykes*) has *Sykes* been used to justify the reopening of evidence by the defense in order to change his mind about testifying. In addition, the

Court in *Palmer v. State*, 791 S.W.2d 898 (Mo.App.S.D.1990) specifically determined that defense counsel's failure to move to reopen the evidence due to the late arrival of a witness was NOT ineffective assistance of counsel.

Movant claims that if evidence had been reopened, he would have testified. At sentencing, this Court made inquiry to Movant as to assistance of counsel and, after that inquiry, made a finding that probable cause for ineffective assistance of counsel did not exist. Movant had the opportunity at that time to make comment, complaint or explanation and failed and refused to do so. He did, at the conclusion, make a comment that he would save it for the next court, which would indicate that he would have chosen *not* to testify. Movant refused to provide his version of events to the Probation Officer conducting the presentence investigation (after the jury convicted him, but before sentencing and before the ruling on the post-trial motions). Again, this is a fact which would indicate Movant's unwillingness to testify at the time. At hearing, Movant testified that, if Mr. Perry had told him he had to testify to get the self-defense instruction, he "probably would have done it." Therefore, there is not even a showing that Movant would have chosen to testify if he had been advised as Movant now argues he should have been.

Finally, there is no evidence to support the contention that there is a reasonable probability that the outcome would have been different if the Movant had testified. Although a self-defense instruction was not given, trial defense counsel's opening statement, examination of witnesses and closing argument covered pretty much what Movant now says is his version of events. The jury simply did not believe that version.

3. There is no showing that counsel failed to exercise the degree of care, skill, and diligence of a reasonably competent attorney under similar circumstances.

4. Even if the Court agreed that trial counsel should have advised Movant differently as to testifying or that he should have made a motion to reopen evidence, there is no showing that the outcome of the trial was affected by these alleged deficiencies. There is no showing of prejudice to the Movant.

5. The jury was told that all evidence had been presented and the Court would be in recess to work on the final instructions. To allow the reopening of the case at this time would put an undue emphasis on the evidence presented. Absent special circumstances, which were not present in this case, a party will not be allowed to reopen their case after the jury has been sent out thinking all the evidence has been presented.

We find the trial court's findings of facts and conclusions of law were not clearly erroneous. The decision to reopen the evidence would have been left to the broad discretion of the trial court. It is unlikely, after viewing the findings of fact and conclusions of law, that the trial court, which was the same as the motion court, would have granted a motion to reopen the evidence. Trial counsel cannot be found ineffective for failing to file a motion that would have been "doomed to failure." *Scott v. State*, 741 S.W.2d 692, 693 (Mo. App. W.D.1987) (citing *Pollard v. State*, 627 S.W.2d 114, 116 (Mo.App. W.D.1982)). The point is denied.

The judgment is affirmed.

PARRISH and SCOTT, JJ., concur.